R. O. HARWOOD ET AL. V. WILLIAM BREESE.

FILED APRIL 5, 1905. No. 13,746.

1. **Verdict: HARMLESS ERROR.** Where in an action upon a promissory note the defendant denies liability and also sets up a counterclaim, the fact that the jury finds for him on his defense to the note, but fails to allow his counterclaim, affords no reason for setting aside the verdict at the plaintiffs' request, since as to him this is error without prejudice.

2. **Evidence** examined, and *held* sufficient to support the verdict.

ERROR to the district court for Clay county: GEORGE W. STUBBS, JUDGE. *Affirmed.*

*John C. Stevens,* for plaintiffs in error.

*Thomas H. Matters, contra.*

LETTON, C.

This action was brought by the plaintiffs Harwood and Lewis against the defendant Breese upon a promissory

note. The defendant claims that the note was given in part payment for a horse; that the purchase price of the horse was $100, $40 of which was paid by sale and delivery of a pony at that price to the plaintiffs, the remaining $60 being evidenced by the note. He asserts that the plaintiffs warranted and represented the horse to be sound, kind and true and in perfect condition as a farm horse, and alleged a breach of warranty in that the horse was unsound, and wholly unfit for farm purposes, and that, as soon as he discovered the unsound condition of the horse and within 24 hours after the purchase of the same, he rescinded the contract, returned the horse and demanded the return of his note and pony, which the plaintiffs refused. He asks judgment dismissing plaintiffs' cause of action and for $40 the value of the pony.

The plaintiffs are agricultural implement dealers doing business in Stockham, Hamilton county, Nebraska, and the defendant is a farmer residing in Clay county, near that place. It appears that in September, 1902, he made some inquiry of one of the plaintiffs as to where he could procure a good farm horse; that he was told the plaintiffs had one that was out in the country a few miles, and that Lewis and he went out to look at the animal which was in the pasture of one Druby, near Stockham. The defendant testifies that they did not get close to the animal on this occasion, but had some conversation with Mr. Druby in regard to it, in which conversation Druby told him the animal had had distemper in the spring, but Lewis at the same time asserted that she was then sound and all right. He further testifies that on the Monday afterwards they again went to see the horse and another conversation was had, at which time Lewis stated that he had driven the mare 25 miles the previous day and that he knew she was all right. After this conversation, the defendant having a pony that he desired to sell, Lewis went to the defendant's farm to look at the pony, and while there had another conversation in regard to the

horse, repeating the warranty. This testimony in the main is corroborated by other witnesses. The negotiations were completed by the delivery of the pony to Lewis that evening, the execution of the note sued upon, and the delivery of the horse to the defendant the next morning. The defendant took the horse to his farm, when he soon discovered that it was unsound, that it had a discharge from the nose, and a cough apparently caused by the distemper or some other disease of the respiratory organs. The next morning he returned the horse to the plaintiffs, and demanded the return of his note and pony, which was refused. He left the horse in the town subject to the plaintiffs' order, and has exercised no control or dominion over it since that time. There was a direct conflict in the testimony with regard to whether or not the plaintiffs warranted the horse to the defendant, and also as to whether or not the defects in, and disease of, the horse were so open and obvious that the defendant must have been aware of them at the time that he closed the transaction. This evidence was submitted to the jury under fair and proper instructions, and the jury found for the defendant, but failed to award him the value of the pony.

Plaintiffs urge that the defendant was fully advised as to the condition of the animal, and that he knew as much about it as the plaintiffs did; that there was no deceit practiced by the plaintiffs, and that defendant, knowing the horse had distemper, could not rely on a warranty of soundness. These facts were disputed. The jury passed upon them, finding them in favor of the defendant, and the verdict is supported by the evidence. Plaintiffs in error further argue that, since the plaintiffs should have recovered $60, interest and costs, or, the defendant should have recovered $40, interest and costs, there is no evidence to support the verdict; that the jury disregarded instructions given of this tenor and effect, and contend that, because the verdict did not give the defendant all he asks for, it is contrary to the evidence, and therefore

the plaintiffs should have a new trial. If this objection was urged by the defendant it might perhaps have some merit, but it would hardly be worth while for the court to send the case back for a new trial at the plaintiffs' request, to allow the defendant the opportunity to mulct them in increased damages.

It is urged that the verdict is contrary to the fifth instruction given by the court, wherein the jury are told that, if the defendant was advised, or knew, or from the exercise of his sense of sight might have discovered that the horse was then suffering from distemper or from the effects of distemper, and that otherwise the horse was sound, the defendant cannot be heard to say that he relied upon any representations made by the plaintiffs as to the soundness of the horse. The evidence was conflicting as to whether these facts existed. The jury found for the defendant upon that issue, hence, the verdict is not contrary to this instruction. The evidence would have supported a verdict against the plaintiffs for the value of the pony, but since the defendant is not complaining as to this the verdict should stand.

We recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.