## St. Clair v. The Chicago, Burlington and Quincy Railway Company.

1. **Railroads:** DELAY IN CARRYING ONIONS: PRESUMPTION. A car of onions was delivered to the defendant at noon, on Tuesday, for transportation a distance of sixty-four miles. It did not reach its destination until the next Saturday evening, when the onions were spoiled. *Held* that the jury was justified in finding, from the time consumed, that defendant was negligent, in the absence of evidence showing reasonable cause for the delay.

2. ———: ———: EVIDENCE: PERISHABLE NATURE OF PROPERTY. In such case plaintiff's witnesses testified that onions shipped in bulk in a closed car in the month of October would spoil in four days, and defendant's witnesses testified that they would not; but the onions in this case were shown to be sound when shipped, and spoiled when they reached their destination. *Held* that the jury was justified in believing plaintiff's witnesses as to the perishable nature of the property.

3. ———: ———: DELAY OF CONSIGNEE IN UNLOADING: INSTRUCTION. In such case, where the evidence showed that the onions were spoiled and practically worthless when the car arrived on Saturday, *held* that defendant could not complain of an instruction to the effect that if they could have been saved by unloading them on Sunday, and they were spoiled by reason of the consignee's failure to so unload them, plaintiff could not recover; for such instruction was more favorable to defendant than the facts required.

*Appeal from Pottawattamie District Court.*—Hon. H. E. Deemer, Judge.

### Filed, May 27, 1890.

Action to recover damages for delay in shipping a carload of onions from Carson, Iowa, to Omaha, Nebraska, by reason of which delay it is claimed that the onions became heated, damaged and worthless. There was a trial by jury, and a verdict and judgment for plaintiff. Defendant appeals.

*Wright, Baldwin & Haldane,* for appellant.

*Frank Shinn,* for appellee.

ROTHROCK, C. J.—I. It is conceded that, in the month of October, 1886, the plaintiff shipped a carload of onions over the defendant's railway from Carson, Iowa, to Omaha, Nebraska, a distance of sixty-four miles. The principal question discussed by counsel is that the verdict is not supported by the evidence. There is a conflict in the evidence as to the time when the car was loaded and ready for shipment at Carson. The jury was fully warranted in finding from the testimony of the witnesses that the loading of the onions was completed at about noon on Tuesday, the fifth day of October, 1886, and that the car was billed at that time, and that it might have been sent forward in a train that left that station at 2:30 p. m. on that day. Indeed, we think that the foregoing facts were proven by a clear preponderance of the evidence. It is conceded that the car was not forwarded until October 6, 1886, at 2:30 p. m., and that it did not reach Omaha until Saturday afternoon or evening, at which time the car was opened, and a wagon-load taken out, and the onions were found to be badly damaged by heating. It is claimed that there is no evidence that the delay in shipment was unreasonable; that the line of railroad is not continuous between the points of shipment and destination, and that three transfers were necessary; and that for these reasons the jury could not properly have found that there was unreasonable delay. We think that it is within common knowledge that freight ought, ordinarily, to be transported by railroad a distance of sixty-four miles in less time than four days; and there is no evidence showing how many transfers of the car were required to be made. Where, on the face of the transaction, the time of shipment appears to be unreasonable, if there is any excuse for the delay, we think it is incumbent on the carrier to account for the delay.

II. It was shown beyond controversy that the onions were sound and in good condition when they

VOL. 80—20

*1. RAILROADS: delay in carrying onions: presumption.*

St. Clair v. The Chicago, B. & Q. Ry. Co.

2. ——: ——:
evidence:
perishable
nature of
property.

were placed in the car at Carson, and there is no conflict in the evidence that they were damaged, and practically worthless, when the car was placed on the sidetrack at Omaha. It follows that, if the onions spoiled by reason of the delay in the shipment, the defendant is liable. There is a conflict in the evidence on the question as to whether onions will become damaged in the month of October by being loaded in bulk, and kept in a closed car for four days. We need not set out the testimony of the witnesses on this question. The plaintiff's witnesses testified that they would become damaged, and the defendant's witnesses testified that they would not. As we have said, the onions were shown to have been in good condition when placed in the car, and in bad condition when the car was opened at Omaha. This fact no doubt had a controlling influence with the jury in believing the plaintiff's witnesses upon the question as to the perishable nature of the property. Our conclusion is that we cannot disturb the verdict on the ground of a want of evidence to sustain it.

III. The court, among other instructions, directed the jury as follows: "In arriving at your conclusion on the subject as to what was a reasonable

3. ——: ——:
delay of con-
signee in un-
loading:
instruction.

time within which to unload the onions, you should consider their condition when they reached Omaha, and were placed in position so as to be unloaded; and, if you find that, when they reached their destination, they were what is called in the evidence 'heated,' and this was known to the consignee, then more care and diligence would be required on the part of the consignee than if they were in good condition when they were received. Should you conclude that the onions were in such condition when they reached Omaha that the consignee thereof could have saved them by unloading them on Sunday, and that, by reason of his failure to unload them on that day, they were spoiled, then plaintiff could not recover; for the rule is that, ordinarily, a person is not compelled nor

allowed to unload freight on the Sabbath day. But, if the goods are perishable, and on account of their condition will be lost unless unloaded on Sunday, then the law requires the consignee to take such steps as are reasonably necessary to unload and save the goods, and requires him to work on Sunday, if by that means he can save the goods." It is claimed by counsel for appellant that this instruction, when applied to the facts of the case, is erroneous ; and an instruction was asked by defendant to the effect that there was evidence in the case tending to show that the onions had only commenced to heat at the time of their delivery, on Saturday evening, and that, if the jury should find from the evidence that, if the consignee had continued to unload the car on Saturday, and properly cared for the onions after taking them from the car, they would have been saved from decay, the defendant would be liable only for such damages as the evidence showed the property sustained prior to its delivery to the consignee. This instruction was refused. We think the court did not err in giving the instruction complained of, and in refusing the instruction asked by defendant. The evidence shows that the onions were practically worthless when the car was opened. All of the witnesses who examined the wagon-load taken from the car on Saturday so stated on the trial. And we think that the instruction given by the court as to the duty of the consignee to unload the car on Sunday was really more favorable to the defendant than the facts in the case required. The judgment of the district court is          AFFIRMED.