HARRY HICKMAN, Respondent, v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 1, 1914.

NEGLIGENCE, CONTRIBUTORY: Walking on Unlighted Elevated Platform. A passenger in changing cars at a station in the nighttime, got off his train and went to the unlighted side of the station building seeking a place to urinate where he walked up an incline to an elevated platform which he saw was not guarded by railing or lights, yet he walked on in the dark until he stepped off at the other end, falling about six feet to the ground. It was *held* that he was guilty of contributory negligence and could not maintain an action.

Appeal from Pettis Circuit Court.—*Hon. H. B. Shain.* Judge.

REVERSED.

*Montgomery & Montgomery* and *J. W. Jamison* for appellant.

(1) Plaintiff was clearly guilty of contributory negligence. A passenger, who, without being familiar with the railroad station, walks around the platform

in the dark without any precaution to avoid a fall, is guilty of contributory negligence, barring recovery for injuries caused in a fall from the unlighted and unguarded platform. Stamp v. Railroad (Tex. 1913), 161 S. W. 450; Railroad v. Turley, 85 Fed. 369; Railroad v. Grubbs, 67 S. W. 519; Archer v. Railroad, 110 Mo. App. 349. (2) Defendant had the right to arrange its stations, and set apart suitable places for use of passengers, and it was the duty of passengers to occupy the places provided for their use while waiting for trains. Gunderman v. Railroad, 58 Mo. App. 370; Railroad v. Coleman, 28 Mich. 440; Railroad v. Cavenesse, 48 Ark. 106, S. C. 2, S. W. 505; Graham v. Railroad, 39 Fed. 596; Sturgis v. Railroad, 72 Mich. 619, S. C. 40, N. W. 914.

*George A. Anamosa* and *W. D. Steele* for respondent.

(1) It is the duty of railway companies to keep in a safe condition all portions of their platform and approaches thereto, to which the public do, or would naturally resort, and all portions of their station grounds reasonably near to their platforms, where passengers or those who have purchased tickets with a view to take passage on their cars. Chance v. Railroad, 10 Mo. App. 357; McDonald v. Railroad, 26 Iowa, 124. (2) Instruction No. 1, given for the plaintiff properly declared the law. King v. City of Cohoes, 77 N. Y. 83; Waller v. Railroad, 59 Mo. App. 426. (3) An instruction given for the plaintiff which predicates his right to recover for general negligence is cured by instructins given for defendant, which limits the right to the specific negligence charged in the petition. Johnson v. Railroad, 173 Mo. 307. (4) Any vagueness in an instruction as to the neglect authorizing a verdict for the plaintiff is cured by other instructions stating explicitly the only basis of the verdict for him. Buchman v. Railroad, 100 Mo. App. 30.

ELLISON, P. J.—Plaintiff's action is for personal injury received by falling from defendant's station platform at the village of McBaine. He obtained judgment for $200 in the trial court.

Plaintiff took passage on defendant's road at Columbia, bound for Sedalia and it became necessary to change cars at McBaine, where he arrived after dark. He, with a number of others, alighted at the latter place. It appears that he did not get out of the car immediately at the platform or the station building and that he did not go to the front of building at all. But desiring to urinate, instead of inquiring for the closet which was seventy-five feet to the east near to an extension of the front platform, he walked up an incline that led to an elevated and unlighted platform in the rear of the station building. He walked along this parallel with and towards the opposite end of the building and stepped off in the darkness, falling to the ground, a distance of about six feet, whereby he received his injury. When he got upon the platform he saw some persons sitting on the edge with their feet hanging over, and he saw that it had no railing, but, without inquiry, he proceeded on until he stepped off at the opposite end. The platform was about ten feet wide and from where plaintiff got upon it, extended in an eastern direction along the side of the building then turned along the side of the east end of the building the full width. Plaintiff did not make this turn and must have walked straight on until he stepped off.

We may concede, without deciding, that defendant was negligent in not having a railing around the elevated platform, or in not having it lighted, or in both respects, yet plaintiff was undoubtedly guilty of contributory negligence, for he saw both conditions; yet thoughtlessly went on, in the dark, when he must have known, if he had thought at all, that he would tumble off.

The following is the syllabus in Stamp v. Railroad, 161 S. W. Rep. 450 (Texas Civil App.): "A passenger, who, without being familiar with the railroad station, walks around the platform in the dark without any precaution to avoid a fall, is guilty of contributory negligence, barring recovery for injuries caused in a fall from the unlighted and unguarded platform."

It was held in L. & N. Ry. Co. v. Turner, 137 Ky. 730 that a carrier maintaining water closets on its own trains and at its own station, performs its duty in that respect at that station, and it need not anticipate that a passenger will jump from a train at dark and wander about the premises of the station to a place not ordinarily used by passengers for the purpose of responding to a call of nature. [See, also Gunderman v. Ry. Co., 58 Mo. App. 370.]

The judgment is reversed. All concur.