James Carr, Appellee, v. Chicago, Rock Island & Pacific Railway Company, Appellant.

CARRIERS: Transportation of Property—Delay—Burden of Proof—
1 Instructions—New Trial. In actions for damages for negligent delay in the transportation of property by a common carrier, the burden of proof is distributed between shipper and carrier as follows:
    1. On the shipper to show the unusual delay.
    2. On the carrier to show legal justification for such unusual delay. (Sec. 2116, Sup. Code, 1913.)

COMMERCE: Interstate Commerce—"Duty of Carrier to Deliver
2 With Reasonable Dispatch"—Federal and State Statutes. Sec. 1 of the Interstate Commerce Act, as amended by the act of June 18, 1910 (36 Stat. at Large, 539, 545), defining "transportation", and obligating the carrier to furnish the same, is in no manner contradictory to or inconsistent with that part of Sec. 2116, Sup. Code, 1913, which provides that freight shall be transported "with all reasonable dispatch"; and therefore the state statute is not superseded by the Federal Act.

COMMERCE: Interstate Commerce—Delay in Shipment—Burden of
3 Proof—Federal and State Statutes. The Interstate Commerce Act (24 Stat. at Large, 379; 34 Stat. at Large, 584; 36 Stat. at Large, 539) enacts no rules of evidence (conceding, *arguendo*, such power in Congress) governing the burden of proof in actions for damages for delay in interstate freight shipments. Therefore, Sec. 2116, Sup. Code, 1913, in so far as it determines such burden of proof, is controlling with the courts of this state.

*Appeal from Hancock District Court.—J. J. CLARKE, Judge.*

THURSDAY, JANUARY 13, 1916.

ACTION for damages for negligent delay in the shipment of stock. There was a trial to a jury and a verdict for the defendant. Upon motion of plaintiff, a new trial was ordered. From such order, the defendant has appealed.—*Affirmed.*

*F. W. Sargent, J. H. Johnson* and *Ramsey & Blackstone,* for appellant.

*J. E. Wichman,* for appellee.

EVANS, C. J.—The motion for new trial, which was sustained generally, presented twelve grounds. The defendant, as appellant, maintains as a ground of reversal that no one

1. CARRIERS: transportation of property: delay: burden of proof: instructions: new trial.
of the grounds of the motion for new trial was tenable, and that, therefore, the order sustaining the motion was erroneous.

Though the order sustaining the motion was general in form, the trial judge filed a written opinion, indicating at least some of the more persuasive reasons in his mind for sustaining the motion. One of these was that his instruction No. 5 was erroneous, in that it laid undue burden of proof upon the plaintiff. Appellant has directed special attention to this point. This instruction, in substance, charged the jury that the burden was upon the plaintiff not only to show unusual delay in the shipment, but also to show that such delay was caused by the negligence of the defendant. The true rule in this state, as will hereinafter appear, is that the burden is upon the plaintiff to show the unusual delay, and that the burden of explanation and of justifiable excuse is upon the defendant. This rule is in harmony with Code Section 2116, as amended by the 32d General Assembly. Assuming that this rule rests upon such section of the statute, the appellant contends that it has been wholly superseded by the

Federal Interstate Commerce Act. Section 2116 of the Code, as originally enacted, was as follows:

"Every railway corporation shall, when within its power to do so, and upon reasonable notice, furnish suitable cars to any and all persons who may apply therefor, for the transportation of any and all kinds of freight, and receive and transport such freight with all reasonable dispatch, and provide and keep suitable facilities for the receiving and handling thereof at any depot on the line of its road; and shall also receive and transport in like manner the empty or loaded cars furnished by any connecting road, to be delivered at any station or stations on the line of its road, to be loaded or discharged or reloaded and returned to the road so connecting; and for compensation it shall not demand or receive any greater sum than is accepted by it from any other connecting railroad for a similar service."

The following was added thereto by the 32d General Assembly:

"In any suit or action in court brought against a railroad corporation for the purpose of enforcing rights arising under the provisions of this section, the burden of proving that the provisions of this section have been complied with by such railroad corporation, shall be upon such railroad corporation."

Some additions have been made later by the 35th General Assembly, which we have no occasion to consider.

Section I of the Interstate Commerce Act as amended by Act of June 18, 1910, is, in part, as follows:

"The term 'transportation' shall include cars and other vehicles and all instrumentalities and facilities of shipment or carriage, irrespective of ownership or of any contract, express or implied, for the use thereof and all services in connection with the receipt, delivery, elevation, and transfer in transit, ventilation, refrigeration or icing, storage, and handling of property transported; and it shall be the duty of every carrier subject to the provisions of this Act to provide and furnish

such transportation upon reasonable request therefor, and to establish through rates and just and reasonable rates applicable thereto; and to provide reasonable facilities for operating such through routes.''

The argument is that the Federal Act covers the subject matter involved in our Code Section 2116 and, therefore, necessarily supplants it. On the other hand, the argument for appellee is that the Federal Act is in no manner contradictory to or inconsistent with our statute and that, therefore, it does not affect the validity of such statute.

It is doubtless true, as a general proposition, that, when Federal legislation deals with a particular subject matter pertaining to interstate commerce, such legislation is exclusive of all state legislation upon the same subject matter. In such a case, the aid of state legislation is not needful or pertinent and cannot be recognized. And this is even so where the state legislation, giving full recognition to the Federal legislation, attempts to fix additional penalties for the violation of· such Federal legislation. *Charleston & W. C. R. Co. v. Varnville Furniture Co.*, 237 U. S. 597.

What are the lines and limits of a particular *subject matter* in a given case is a question not always easy to answer. Manifestly, there is no conflict or inconsistency between our statute and the Interstate Commerce Act. We incline to the view, however, that our statute does include some of the subject matter covered by the Interstate Commerce Act. But this need not concern us unless such subject matter is involved in the case at bar. The only provisions of our statute which are involved in this discussion are: (1) That provision which requires transportation to be made with ''reasonable dispatch''; and (2) that provision relating to burden of proof which was added as an amendment by the 32d General Assembly, and which is above quoted.

As to the ·first feature, it amounts to no more than a declaration of pre-existing law. Such was the law in every

common law jurisdiction, before its enactment and since. In the absence of contrary legislation, such would be the law if the statute were superseded or repealed. There is nothing in the Federal Act which contravenes it. So far, therefore, as this feature is concerned, it matters not if our statutes should be deemed superseded by the Federal Act.

As to the amendment adopted by the 32d General Assembly, which we have above quoted, this also was pre-existing law, so far as the judicial decisions in this state were concerned. Such decisions have been followed consistently since the enactment of such amendment. A confession is perhaps due at this point. We have passed upon the question involved in this amendment and have reiterated the rule announced therein in several cases since its enactment, but without any reference to the statute as thus amended. In none of such cases was this amendment cited in the briefs or brought to our attention in any way. The net result is that this amendment was declaratory of existing law, as announced by judicial decisions, and we have since followed such amendment unconsciously by reiterating previous judicial holdings. These subsequent decisions amount to a fair construction of such amendment. Under such holding, in actions based upon negligent delay in delivery, the burden is upon the shipper to show the unusual delay, and the burden of explanation and justification is upon the carrier. *St. Clair v. Chicago, B. & Q. R. Co.*, 80 Iowa 304; *Green v. Chicago, R. I. & P. R. Co.*, 130 Iowa 123; *Cownie Glove Co. v. Merchants' Co.*, 130 Iowa 327; *Tiller & Smith v. Chicago, B. & Q. R. Co.*, 142 Iowa 309; *Daoust v. Chicago, R. I. & P. R. Co.*, 149 Iowa 650; *McMillan v. Great Northern R. Co.*, 147 Iowa 596, 599.

Whether this rule be deemed statutory or otherwise, the question, of course, remains whether it is superseded by the Interstate Commerce Act as amended. There is nothing in such act which purports to supersede it. There is no provision in such act, express or implied, which is inconsistent with the

*Margin note: 3. COMMERCE: interstate commerce: delay in shipment: burden of proof: Federal and state statutes.*

operation of such rule. The rule itself is incidental to the practice and procedure in the courts of our state. The Interstate Commerce Act confers jurisdiction upon such courts to hear and decide causes arising thereunder. A corresponding obligation is imposed upon the state courts to exercise such jurisdiction. Presumptively, such courts are bound by the uniform rules of evidence, practice, and procedure therein obtaining. Confessedly, Congress has power to deny jurisdiction to the state courts in all such cases. Conceding also, for the sake of argument, that Congress has power to enact rules of evidence and of practice and of procedure which should be obligatory upon all courts in the trial of cases arising under the Federal Act, it has not done so, so far, at least, as relates to this feature of the act. What rules of evidence, therefore, can the courts of the state follow in the hearing of such causes except their own? This is a subject matter fairly distinct from the substantive law. Upon this subject matter, Congress has not assumed to speak.

The following authorities bear somewhat upon the view herein expressed: *Gulf T. & W. R. Co. v. Dickey*, (Tex.) 171 S. W. 1097; *Missouri, K. & T. R. Co. v. Harris*, 34 Sup. Ct. Rep. 790; *Bichlmeier v. Minneapolis, St. P., etc., R. Co.*, (Wis.) 150 N. W. 508; *Elliott v. Chicago, M. & St. P. R. Co.*, (S. D.) 150 N. W. 777; *Duvall v. Louisiana W. R. Co.*, (La.) 65 So. 104; *Chicago, R. I. & P. R. Co., v. Harrington*, (Okla.) 143 Pac. 325; *Eastover M. & H. Co. v. Atlantic Coast Line*, (S. C.) 83 S. E. 599; *Hickman v. Missouri, K. & T. R. Co.*, (Mo.) 167 S. W. 1178.

We think, therefore, that the trial court properly held Instruction No. 5 to have been erroneous, and a new trial was properly awarded on that ground. Whether other grounds were also valid, we shall have no need to consider.

For the reasons indicated, the order appealed from will be affirmed.—*Affirmed.*

DEEMER, WEAVER, PRESTON and SALINGER, JJ., concur.