SOUTH DEERFIELD ONION STORAGE COMPANY *vs.* NEW YORK, NEW HAVEN, & HARTFORD RAILROAD COMPANY.

Franklin. November 4, 1915. — February 8, 1916.

Present: RUGG, C. J., LORING, BRALEY, DE COURCY, & CROSBY, JJ.

*Carrier,* Of goods. *Custom. Contract,* Custom.

A local or special custom regulating the notification of a shipper by a carrier of goods of the non-acceptance or refusal of the goods by the consignee or the person designated by the consignor to receive them at the point of destination, if it is not contrary to the provisions of the contract of shipment and is not in contradiction of established rules of law, forms part of the contract although it is not expressly mentioned among its provisions.

Where it is a custom for a certain railroad corporation, upon receiving and transporting goods, to notify a shipper within forty-eight hours after the goods have reached their destination in case they are not called for or are refused by the person designated to receive them, such custom without especial mention becomes a part of a contract of shipment which does not contain provisions to the contrary; and, after shipping a car load of onions under such circumstances, a shipper has a right to rely upon the custom and to wait for notice from the

company of any refusal or failure of acceptance of the goods, and, if the company for thirteen days after the arrival of the onions at their destination fails to notify the shipper of their non-acceptance, it is liable for all damages resulting from their depreciating in value due to their remaining in a closed car in its possession.

CONTRACT, the declaration alleging that the plaintiff on October 15, 1913, shipped a car load of onions from South Deerfield consigned to itself at Hartford, Connecticut, with instructions to the carrier to notify one Schwartz at Hartford; that the car arrived at Hartford on October 16; that the defendant failed to notify the plaintiff of the failure of Schwartz to accept the car load of onions, and that through its negligence the onions were badly damaged. Writ dated April 18, 1914.

In the Superior Court the case was tried before *Aiken,* C. J. There was evidence that on October 15, 1913, the plaintiff delivered a car load of onions to the defendant consigned to itself at Hartford, with directions to notify one Schwartz, that the plaintiff attached the bill of lading to a sight draft on Schwartz and sent them to a Hartford bank, that the goods arrived at Hartford on October 16, that the defendant notified Schwartz, that Schwartz did not call to claim the goods, that the defendant did not notify the plaintiff of Schwartz's failure to do so until October 29, when the plaintiff made inquiries by telegram, and that in the meantime the onions had greatly depreciated in value due to sprouting and decaying.

Other material facts are stated in the opinion.

At the close of the evidence, the defendant asked for a ruling that upon all the evidence in the case the verdict should be for the defendant, and for the following rulings:

" 1. The defendant fulfilled its whole duty when Jacob Schwartz was seasonably notified of the fact that the car of onions in question had arrived.

" 2. There was no obligation on the defendant railroad to notify the consignor, who was also the consignee, until the railroad had noticed that there was a refusal to unload the car and that some person authorized to accept delivery had refused so to do.

" 3. The plaintiff does not declare on any legal duty of the defendant railroad to notify the consignor when there is any delay in unloading a car. There is no evidence of any rule or cus-

tom which required this defendant to notify the plaintiff, unless and until they were notified of some refusal to accept."

The Chief Justice refused to rule as requested, there was a verdict for the plaintiff in the sum of $165.37; and the defendant alleged exceptions.

The case was submitted on briefs.

*J. C. Hammond & T. J. Hammond,* for the defendant.

*F. J. Lawler,* for the plaintiff.

BRALEY, J. If not in contravention of established rules of law and in the absence of any provision to the contrary, a local or special custom regulating the delivery of goods forms part of the contract of shipment. *Barrie* v. *Quimby,* 206 Mass. 259, 265. And as the jury upon all the evidence would have been warranted in finding a custom that, where a car upon arrival at the place of destination was refused or not accepted, the defendant gave notice to the shipper within forty-eight hours thereafter, the rights of the parties are to be determined as if this provision had been inserted in the bill of lading. *Garvan* v. *New York Central & Hudson River Railroad,* 210 Mass. 275, 279.

While title remained in the plaintiff as shipper and consignee, the bill of lading required that notice be given to one Schwartz, who not having paid the draft to which the bill of lading was attached, acquired no title. *Alderman* v. *Eastern Railroad,* 115 Mass. 233. *North Pennsylvania Railroad* v. *Commercial National Bank of Chicago,* 123 U. S. 727. It is of no consequence that Schwartz did not refuse categorically to accept delivery. The delay covered by the custom arose when from his conduct delivery could not be effected after he received notice, and, having no authority to deliver without the production of the bill of lading properly indorsed, the defendant, not having assumed the position of warehouseman, remained liable as carrier. *Stevens* v. *Boston & Maine Railroad,* 1 Gray, 277. *Newcomb* v. *Boston & Lowell Railroad,* 115 Mass. 230. Its failure to notify the plaintiff within the stipulated time that delivery could not be made was a breach of the contract. We find no error in the refusal of the defendant's first, second and third requests.

It also asked for a ruling that on all the evidence the plaintiff could not recover, and now urges that the delay was attributable solely to the plaintiff's fault. But the jury could say that the

plaintiff rightly relied on the custom. In the absence of notice it could not be ruled as matter of law that contributory negligence had been shown, and no exceptions were taken to the instructions.

It was also a question of fact whether, having undertaken the duty of transportation, the defendant knew or in the exercise of ordinary diligence should have known that the contents of the car unless properly cared for might deteriorate. The onions, in good condition when shipped and in a commercial sense perishable, were kept in a closed car nearly fourteen days after arrival before notice to the plaintiff, during which owing to climatic conditions they sprouted and decayed. And the jury could find that the resulting loss was caused by the defendant's negligence. *Garvan* v. *New York Central & Hudson River Railroad*, 210 Mass. 275. *Hudson* v. *Baxendale*, 2 H. & N. 575. *St. Clair* v. *Chicago, Burlington & Quincy Railroad*, 80 Iowa, 304.

It would follow on these findings that nothing remained but the assessment of damages.

*Exceptions overruled.*