A. BROMBERG, Appellee, v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

CARRIERS: Carriers of Goods—Prima-Facie Delay. A shipper makes a prima-facie showing of negligent delay by testimony tending to show: (1) That he has made repeated shipments of a named kind between two points; (2) the ordinary time consumed in said shipments; and (3) that the time required to deliver the shipment in question was materially greater than the ordinary time.

CARRIERS: Carriers of Goods—Delayed Shipment—Inapplicable Instructions. The court should not, in an action for damages consequent on a negligently delayed shipment, instruct relative to the duty of the carrier to transport with reasonable diligence in view of its schedule of trains, when there is no evidence as to such schedule.

*Appeal from Pottawattamie District Court.*—O. D. WHEELER, Judge.

DECEMBER 15, 1922.

ACTION to recover damages for injury to two shipments of fruit, caused by delay in shipment and negligent handling of the shipments. Jury returned a verdict for plaintiff, and judgment was entered thereon. Facts appear in the opinion. Defendant appeals.—*Affirmed.*

*Saunders & Stuart, J. G. Gamble,* and *A. B. Howland,* for appellant.

*Kimball, Peterson & Smith,* for appellee.

ARTHUR, J.—On September 10, 1917, a shipment of fruit was delivered to defendant company at Council Bluffs, Iowa, consigned to plaintiff at Audubon, Iowa, and the fruit was transported by defendant to Audubon, and delivered to plaintiff on September 12, 1917. This shipment is the cause of action alleged in Count 1 of plaintiff's petition.

1. CARRIERS: carriers of goods: prima-facie delay.

Another cause of action is alleged in Count 2 of plaintiff's petition, based on another consignment of fruit shipped to plaintiff over defendant's line of railway from Council Bluffs to Guthrie Center, Iowa, on September 17th, and delivered to plaintiff at Guthrie Center on September 19, 1917.

Plaintiff claimed that both of said shipments of fruit were delivered to him in a badly damaged condition, and claims that such damaged condition was due to the negligence of defendant, both by reason of delay in shipment and rough and careless handling during transportation. Defendant denied delay in shipment, and denied that the goods were roughly or carelessly handled, and that they were damaged either by reason of any delay in shipment or because of any rough handling on the part of its employees. Such were the issues on which the case was tried.

Errors relied upon for reversal which are pressed and argued are:

(1) That the evidence was insufficient to justify a verdict in favor of plaintiff on the issue of delay as to the Audubon shipment; and that there was insufficient evidence of delay to authorize submission of such issue to the jury, as to both counts of plaintiff's petition.

(2) That the evidence was insufficient to support the verdict on the issue of negligent delay in transporting the fruit between Council Bluffs and Guthrie Center, for the reason that there was no evidence of negligent delay in the said shipment.

(3) That the verdict is contrary to the instructions of the court as to both shipments, in that the jury was told affirmatively that there must be a showing of negligence on the part of the defendant to justify recovery, and that there was no showing of negligent delay; and that it was the duty of the

trial court to set aside such verdict, because in conflict with its instructions.

The record is somewhat confusing, and it is difficult to apply the evidence to the separate charges of negligence. For the plaintiff to recover, it was essential that he establish that the damage was due either to negligent delay in transportation of the fruit or was caused by violent injury to the fruit during transportation. Counsel for defendant concede in argument that there was evidence sufficient to take the case to the jury as to the shipment of fruit to Guthrie Center, on the theory of negligent handling, but insist that the evidence was wholly insufficient to take to the jury the issue of negligent delay as to the claims alleged in both counts of the petition, and that it was error to submit such issue to the jury. It is agreed by counsel for both parties—and it well may be—that it is a general rule well established that, to recover for damages caused by delay in transit, the burden of proof is upon the shipper, to establish the existence of delay. *Carr v. Chicago, R. I. & P. R. Co.,* 173 Iowa 444. Also, to establish the issue of delay, proof of the usual and ordinary time consumed in such transportation, together with proof that defendant in the instant case consumed time in transportation in excess thereof, was necessary. *Carr v. Chicago, R. I. & P. R. Co.,* supra. In the instant case, two separate shipments, moving to two separate destinations, are involved. We will first consider the Audubon shipment, as to the issue of delay.

Plaintiff testified to having shipped fruit to Audubon many times before the shipment in controversy, and that such former shipments went from Council Bluffs to Audubon in one night, a distance of 90 miles. Appellant insists that such evidence is not sufficient to warrant submission of the case to the jury on the issue of delay, because it was not shown that the shipment in controversy was delivered at the same time of day as the previous shipments where plaintiff testified that they came through in one night, and particularly, that there was no showing of the schedules of the departure from Council Bluffs and arrival of defendant's trains on the main line at Atlantic, and departure from Atlantic and arrival at Audubon. The evidence does show that the Audubon shipment was taken on at Council Bluffs in

the afternoon of September 10th, and arrived at Audubon about 4 o'clock on September 12th. Defendant offered no testimony on this issue.

In this connection, with·respect to the Audubon shipment, defendant insists that, if it be conceded that plaintiff produced some evidence as to' the usual and ordinary time of shipment between Council Bluffs and Audubon, the trial court should have sustained the motion for a new trial because the jury did not follow an instruction given as follows:

2. CARRIERS: carriers of goods: delayed shipment: inapplicable instructions.

"In transporting goods, the common ·carrier does not contract to deliver them within any specific time, and the law does not require it to transport them any more speedily than the time fixed by its train schedule, nor can it be required to transport them by any other trains than those scheduled by it. When it receives a shipment of goods for transportation, it contracts to deliver the goods within a reasonable time under the schedules under which its trains are being operated, and upon the trains which it is then operating, and it can only be held to have been negligent in this regard when it is shown that it has failed so to do."

Appellant insists that, under the rule laid down in the instruction, right or wrong, the evidence offered by plaintiff was insufficient, because there was no testimony offered by plaintiff as to train schedules. What the schedules of the carrier were with respect to transporting such goods as are involved in the instant case, and whether there was delay with respect to such schedules, were not issues in evidence, and it was not necessary to instruct in this case as the court did with respect to schedules.

Continuing Instruction 6, above quoted from, the court told the jury that it was for the jury "to determine from the evidence * * * whether or not said shipments were transported by the defendant and delivered to the consignee within a reasonable time," and that, if the jury found from the evidence that the goods were not transported and delivered within a "reasonable time," it would justify finding that the defendant was negligent in that particular.

We think that the evidence introduced by plaintiff was sufficient to make out a prima-facie case to go to the jury as to the

Audubon shipment, on the charge of such negligence. In giving the first part of Instruction 6 above quoted, the court doubtless had in mind that the rule given would apply in case an issue. was presented by the evidence with respect to whether the goods were transported in accordance with the schedules, or were unreasonably delayed beyond the scheduled time. We think that, in the instant case, it was perhaps error to give such instruction, and it may be conceded that, if the jury had followed such instruction strictly, it could not have found for the plaintiff. But was the giving of such instruction regarding schedules prejudicial to the defendant?

Of course, it is the rule, as contended by defendant, that the jury must arrive at its verdict under the rules given in the instructions, and where it is apparent that the jury has failed to do so, the verdict should be set aside. The plaintiff, we think, made out a case to go to the jury on the evidence of delay offered. We think that the instruction as to schedules may be treated as nonprejudicial to defendant, and more favorable to defendant than the evidence warranted.

As to the Guthrie Center shipment, the charge of delay in shipment had little support in the evidence. But the charge of negligence was of dual character, and was that injury to the goods also resulted from careless and negligent handling of the goods in transit. Plaintiff relies, as to the Guthrie Center shipment, principally, if not wholly, upon his charge of injury to the goods by negligent handling of the same. Appellant, while not admitting it, practically concedes that there was sufficient evidence that some injury to this shipment was caused by mashing and crushing the fruit in transit, to warrant the submission of this cause of action to the jury. We have carefully examined the evidence with respect to this point, and without reviewing the evidence, it is sufficient to say that this cause of action was properly submitted to the jury on this charge of negligence.

We conclude that the record warranted the submission of both causes of action to the jury. We do not find prejudicial error, to cause reversal of the case. Accordingly, the judgment of the court below is affirmed.—*Affirmed.*

STEVENS, C. J., EVANS and FAVILLE, JJ., concur.