Corbin v. The Wisconsin, Iowa & Nebraska R'y Co

CORBIN v. THE WISCONSIN, IOWA & NEBRASKA R'Y CO.

66   269
106  631

1. **Railroads**: ASSESSMENT OF RIGHT OF WAY DAMAGES: APPEAL: PLEAD-INGS. On an appeal by a railroad company from proceedings begun by the land-owner to assess damages for right of way over his land, the company pleaded, in substance, a prior agreement with the owner, to grant to it the right of way for $500, which it had tendered, and was ready and willing to pay. *Held* that these facts could be proved upon the trial without being pleaded, and that defendant was not prejudiced by an order striking the plea from the files.

2. ———: ———: WHEN ALLOWED UPON APPLICATION OF LAND-OWNER. Plaintiff's grantor had executed a deed to defendant for the right of way in question, and had agreed to accept in consideration thereof a sum to be fixed by one G. Plaintiff took the land with knowledge of, and subject to, this contract, and stood in the shoes of his grantor. Defendant took possession of the land, but failed to have G. fix the compensation. *Held* that the case was within the provisions of § 1244 of the Code, and that plaintiff was entitled to have the compensation assessed by commissioners, as therein provided. Whether or not it was plaintiff's duty to first apply to G. to fix his compensation, is a question not raised in this case.

*Appeal from Marshall Circuit Court.*

WEDNESDAY, JUNE 3.

AD QUOD DAMNUM proceedings to assess the damages sustained by plaintiff by reason of the appropriation of his land for the use of defendant's railroad. Upon appeal to the circuit court, judgment upon a verdict for plaintiff was rendered. Defendant appeals.

*Parker & Childs*, for appellant.

*Brown & Carney*, for appellee.

BECK, CH. J.—I. The defendant, after the appeal to the circuit court, filed an answer and cross-bill, alleging that by an oral contract with one Stevens, then the owner of the land, the defendant was to pay $500 for the right of way over the

land, and pursuant to this contract Stevens executed a deed to defendant for the right of way, and defendant entered upon the land and constructed its road thereon; that Stevens afterwards sold the land to plaintiff under an agreement that the payment by defendant for the right of way should be made to plaintiff, and that defendant is ready and willing to pay to plaintiff the sum of $500, and has tendered the sum to him. It is also alleged that the condemnation proceedings were instituted for the purpose of defrauding defendant. Other allegations of this pleading need not be set out. A motion to strike it from the files was sustained. This ruling is the first ground of complaint made by defendant.

II.   The facts alleged in the answer, if sustained by proof, it may be conceded, would entitle defendant to a verdict,

1. RAILROADS: assessment of right of way damages: appeal: pleadings.

and it cannot be doubted that these facts could be shown without such pleading. They are to the effect that the parties had agreed upon a sum of $500 as a just compensation, which plaintiff agreed to accept and defendant to pay. Plaintiff stands in the shoes of Stevens as to the agreement. These facts constitute a perfect defense to the action as to recovery for a sum greater than $500 without pleadings, and cases of this kind are usually conducted in that way. The defendant, therefore, suffered no prejudice by the striking of his cross-bill, if he had a right to file such a pleading,—a matter that we need not decide.

III.   The evidence conclusively shows that Stevens executed a deed for the right of way to defendant, and the jury

2. ——: ——: when allowed upon application of landowner.

specially found that Stevens had agreed to accept as compensation a sum to be fixed by Dr. Glick, and defendant agreed to pay the same. Plaintiff had notice of this contract. But Dr. Glick, it is found by the jury, never fixed the amount of compensation; and it is also found that defendant entered upon the land, and no payment or tender of any sum has been made by plaintiff. This question arises: does the deed, and possession thereunder

taken by defendant, defeat plaintiff of recovery in this action? We think not. The plaintiff, as a grantee of Stevens, has the same right, and no other, which Stevens would have were he plaintiff. It is therefore proper to say that the parties agreed that the land should be appropriated by defendant, and that its value should be fixed by Dr. Glick. The deed was made in pursuance of the contract, but no steps have been taken to fix the value of the land by Dr. Glick. The defendant cannot defeat plaintiff by its failure to cause him to act. There is no claim made by defendant that he has fixed the value of the land, or that the agreement under which he was selected to perform that duty ought to be, or can be, enforced. It rests upon the position that the agreement with Stevens, the execution of the deed, and the possession of the land, are sufficient to defeat plaintiff.

The case is one where the land-owner consents to the railroad occupying his land, but the parties do not agree upon the compensation he shall receive. The statute contemplates just such a case as this. It provides that " if the owner of any real estate * * * refuse to grant the right of way, *· * *· or if the owner and corporation cannot agree upon the compensation to be paid for the same," the *ad quod damnum* proceeding may be instituted by either party. Code, § 1244. Plaintiff (for, as we have said, he stands in Stevens' shoes) assented by the contract and deed to the occupancy of the land. But the plaintiff and defendant, " the owner and corporation," cannot agree upon " the compensation to be paid " for the land. The plaintiff, upon the express language of the section, may maintain this proceeding in order to determine the compensation to which he is entitled. The law will surely not defeat the plaintiff for the reason that he voluntarily permitted defendant to enter the land, and executed a deed therefor, trusting in the agreement that compensation should be fixed by Dr. Glick and paid. The defendant should have required action by Dr. Glick. Whether plaintiff should have

done the same before he instituted this suit is a question not made in the case, and we need not consider it.

IV. No objections are made to the instructions given by the court. Those asked by defendant are in conflict with the views we have expressed. They were properly refused. The general and special verdict are not in conflict. This discussion disposes of the decisive questions in the case. Other considerations urged by counsel need not be noticed. The judgment of the circuit court must be

AFFIRMED.