## John McElhone v. R. Wilkinson, Appellant.

**Quotient Verdict.** The fact that each member of the jury stated
1 the amount to which he thought the plaintiff entitled and
divided the sum by twelve to get the average did not consti-
tute a quotient verdict, where the sum so found was not in
fact their verdict and there was no agreement that it should be.

**New Trial: REMITTITUR.** It is not error to refuse a new trial on one
2 count of the petition, the plaintiff, pending the motion, hav-
ing remitted the amount recovered thereon.

*Appeal from Jasper District Court.*—Hon. W. G. Clem-
ents, Judge.

### Tuesday, October 20, 1903.

Action to recover damages for the trespass of cattle
and for slander. Trial to a jury and verdict and judg-
ment for the plaintiff. The defendant appeals.—*Affirmed.*

*L. S. Kennington* for appellant.

*G. M. Tripp* for appellee.

Sherwin, J.—It is contended by the appellant that the
verdict in this case was a quotient verdict, and it is con-
ceded by the appellee that if such were the case it should
not stand. The petition was in counts—count one alleging
damages for slander; count two claiming damages for the
trespass of stock. After some deliberation, the jury voted
that the plaintiff was entitled to a verdict. It was then
suggested that each member of the jury note the amount
he thought the plaintiff entitled to, and that the several
sums so stated be added together and divided by twelve
for the purpose of ascertaining the average. The record
conclusively shows that there was no agreement that the
sum so found should be the verdict of the jury, and it was
not in fact their verdict.

The jury awarded the plaintiff $22.50 on the second count of his petition, and pending the motion for a new trial he remitted $25 of the amount found by the jury, that being the entire sum claimed under the second count of his petition. This left only the damages claimed for slander, and the court was clearly justified in refusing a new trial.

The judgment is therefore AFFIRMED.