FRANK BURRELL, Appellee, v. WATERLOO, CEDAR FALLS & NORTHERN R. Co., Appellant.

**EMINENT DOMAIN:** Nature of Proceeding—Agreement to Donate Right of Way—Ad Quod Damnum to Enforce. A railway company may not resort to *ad quod damnum* proceeding for the purpose of enforcing affirmatively specific performance of a contract for right of way. In other words, a railway company, having instituted condemnation proceedings, will not be permitted, on appeal of the landowner from the award of the sheriff's jury, to show that the landowner, prior to the location of the line over his land had solicited the location of the line over his land and had agreed to donate the right of way.

*Appeal from Benton District Court.*—FRANK CUMMINGS, Judge.

THURSDAY, JANUARY 13, 1916.

THIS is a condemnation proceeding for railroad right of way purposes. There was an award by the verdict of the jury and a judgment against the defendant railway company for the costs of the action. The defendant has appealed.—*Affirmed.*

*Tobin & Jensen,* and *Edwards, Longley, Ransier & Smith,* for appellant.

*Kirkland & White,* for appellee.

EVANS, C. J.—The statutory proceedings herein were instituted by the defendant railway company against the

plaintiff as the owner of land desired for railway right of way

EMINENT DO-
MAIN: nature
of proceeding:
agreement to
donate right of
way: *ad quod
damnum* to
enforce.

purposes. The damages were first appraised by a sheriff's jury as provided by statute. From this award, the plaintiff appealed to the district court. An increased award was allowed by the verdict of the jury in the district court, and a judgment for costs was entered against the defendant. On the trial in the district court, the defendant offered to prove by the testimony of one O'Neil and other witnesses that, prior to the location of the defendant's right of way over the land of the plaintiff, such line of location was solicited by the plaintiff; and, in consideration therefor, the plaintiff agreed to "permit the occupancy of the said lands without the payment of damages therefor". To this line of evidence, the plaintiff objected as incompetent, irrelevant and immaterial, and not pertinent to any issue in the case. This objection was sustained. The one question presented for our consideration on this appeal is whether such evidence was admissible in an *ad quod damnum* proceeding.

The appellant relies at this point upon our former cases of *Corbin v. Wisconsin I. & N. R. Co.*, 66 Iowa 269, and *Keokuk & N. W. R. Co. v. Donnell*, 77 Iowa 221, wherein similar testimony was held admissible. In each of these cases, the railway company had acquired peaceable possession of its right of way under an alleged agreement with the owner concerning compensation. Ignoring such agreement, the land owner afterward instituted *ad quod damnum* proceedings. It was held in each of such cases that it was permissible to the railway company to show such agreement in *defense* of the proceeding instituted by the landowner. The argument here is that, if such evidence was admissible in those cases, it is admissible herein. In the case before us, the railway company initiated the *ad quod damnum* proceeding, and thereby caused the damages to be first assessed by sheriff's jury. From this assessment, the plaintiff appealed to the district court. The question then is: Can the railway company resort to an

*ad quod damnum* proceeding for the purpose of enforcing affirmatively specific performance of a contract for right of way? It is quite a different question from that involved in the cited cases. To deny the right of a landowner to resort to an *ad quod damnum* proceeding because of a previous contract is one thing; to resort affirmatively to the *ad quod damnum* proceeding as a means of enforcing an alleged contract, is quite another. There is some plausibility in the argument that the parties should be permitted to go into the full merits of their controversy. This ignores, however, some jurisdictional difficulties. The proceeding thus instituted is summary. No pleadings are required. The jurisdiction of the district court therein is appellate, rather than original. The jurisdiction has its origin in the sheriff's jury. The jurisdiction of the district court on appeal can be no broader than the original jurisdiction of the sheriff's jury. Unless, therefore, the contract relied on was specifically enforceable by order of the sheriff's jury, it cannot logically be enforceable by order of the district court on appeal. It will hardly be contended that the question thus raised could have been adjudicated by the sheriff's jury. The issue before the sheriff's jury was made by the statute and was a narrow one. No pleadings, therefore, were necessary. The issues were not changed by appeal to the district court. The scope of the inquiry could not thereby be broadened.

If the defendant had a valid agreement with the plaintiff, such as it offered to prove, it was, of course, entitled to its enforcement. It had abundant remedy to that end, either by specific enforcement or by quieting title or by action for damages. We think it clear that condemnation proceedings cannot be resorted to affirmatively as a means of specific enforcement of an alleged contract. The cited cases did not recognize such affirmative remedy, and we are not willing to go further in that direction than we have already gone.

This conclusion is determinative of the question presented, and we need not deal with the other phases of the

argument. Whether the defendant has waived the agreement by instituting the condemnation proceeding, and whether it is barred by its institution from hereafter enforcing the alleged agreement by other appropriate proceedings, are questions which can arise herein only in an argumentative sense.

The district court properly excluded the offered evidence. Its order is, therefore,—*Affirmed*.

DEEMER, WEAVER and PRESTON, JJ., concur.