WATERLOO, CEDAR FALLS & NORTHERN RAILWAY COMPANY, Appellee, v. FRANK BURRELL, Appellant.

EMINENT DOMAIN: Recovery by Condemnor of Damages Assessed
1    and Paid. One who, by instituting condemnation proceedings

under the power of eminent domain, causes damages for a right of way to be assessed and paid to the owner, may not thereafter change front, and enforce a contract under which the said owner agreed to donate said right of way.

APPEAL AND ERROR: Reversal in Toto. When a claim for damages is pleaded in a *single* count, and as a *single* cause of action, and on an apparently *single* and indivisible contract, and on appeal, the judgment is held nonrecoverable in part, a reversal *in toto* will be ordered, even though the evidence develops both the recoverable and the nonrecoverable damages, and the jury has indicated the same in its verdict.

*Appeal from Benton District Court.*—B. F. CUMMINGS, Judge.

OCTOBER 18, 1918.

ACTION at law to recover damages for an alleged breach of contract. There was a verdict and judgment for plaintiff, and defendant appeals. The material facts are stated in the opinion.—*Reversed and remanded.*

*Kirkland & White* and *Dawley & Jordan,* for appellant.

*Edwards, Langley, Ransier & Smith* and *Nichols & Nichols,* for appellee.

WEAVER, J.—The petition states, in substance, that, in 1912, the plaintiff, a railway corporation, was engaged in building an interurban railway between the cities of Waterloo and Cedar Rapids, when the defendant, being the owner of lands on or near said line, represented to plaintiff that he desired said railway to be located south of a certain house, on what is spoken of as the old home place, and south of a certain described highway, and orally offered, as an inducement or consideration for adopting said location, that he would furnish defendant, free of charge or other consideration, a right of way 100 feet wide, along the course requested by him, across

1. EMINENT DOMAIN: recovery by condemnor of damages assessed and paid.

and over three certain described tracts or farms, aggregating several hundred acres in extent. It is further alleged that plaintiff orally accepted such offer, and located and built its road upon the line designated by the defendant, but that defendant failed and refused to pay for such right of way, thereby compelling plaintiff to incur an expense of $6,680 to obtain the same; and judgment is asked against the defendant for the sum named, with interest.

The defendant denies the claim made against him, and pleads the Statute of Frauds. He further alleges that, in March, 1913, after the date of the alleged contract, plaintiff began statutory proceedings to condemn a right of way across and over said lands, or the greater portion thereof, naming the defendant as the owner thereof, and alleging its inability to agree with him upon the compensation to be paid for said right of way; that a jury was duly summoned, and assessed damages in defendant's favor in the sum of $3,500; that the company, having paid the award into court, appealed to the district court, where the matter was tried on the plaintiff's application for the condemnation, and without the consideration or trial of any other issue, with the result that the award of the sheriff's jury was confirmed; and, on the company's further appeal to this court, it was again affirmed. On April 25, 1916, the plaintiff company paid into court the further sum of $1,005.78, being the remainder due upon the award of damages; and thereupon, the full amount of the award, with interest and costs, was paid to and received by the defendant herein. The right of way so taken and paid for is the same right of way which the plaintiff in this case alleges that the defendant agreed to give or furnish to it, without cost or charge. Upon this showing, defendant alleges that, plaintiff having instituted the condemnation proceedings, representing the defendant to be the owner of said lands, with whom it was unable to agree upon the price to be paid

for the right of way, and having litigated the issue so raised through the district court and Supreme Court, having paid the award and taken possession of the land, which it continues to hold under and by virtue of such condemnation, it is estopped now to say that such payment was wrongfully exacted, or to base thereon any claim for damages against the defendant.

Assuming that a contract was made substantially as pleaded, there is room for argument upon the question whether plaintiff made sufficient showing of having fairly complied with the terms upon which the defendant undertook to give or provide the described right of way; but, in view of our conclusion upon the issue raised by the affirmative defense, as hereinafter set forth, this and other questions relating to the negotiations, acts, and conduct of the parties prior to the condemnation, may be passed without discussion or decision.

We come, then, directly to the vital issue in this case. May the plaintiff, having condemned the right of way over and across defendant's land, and having caused his damages to be assessed, and having paid them, then turn about, bring him into a court of law, and compel him to repay to it the same or an equal sum as damages for refusing to convey the right of way without condemnation? Or, putting the inquiry in another form, may the company, in the condemnation proceedings, concede the right of defendant to damages, and pay them, and at the same time retain or reserve a right of action against him, based upon a denial of his right to receive them? To our mind, the contention of counsel for appellee, that, upon defendant's refusal to convey the right of way according to the alleged agreement, it had the right to pursue either of two remedies, either an action in equity for specific performance, or an action at law for damages, and that plaintiff's subsequent resort to condemnation proceedings was not an election of

remedies, but, at most, was but an abandonment of its equitable remedy, leaving its legal right to recover damages unimpaired, does not avoid the difficulties into which an affirmative answer to the foregoing inquiry inevitably leads. Let it be conceded that, by proceeding to condemn the right of way, plaintiff made no election of remedies, it is still manifestly true that, if its act in subsequently condemning the right of way is wholly inconsistent with any reliance upon defendant's alleged agreement to convey free of charge for damages, its course in this respect operates as an abandonment or waiver of its right to pursue either remedy. If, in fact, as plaintiff claims, it did have a valid and enforcible contract for a conveyance of the right of way without charge, then defendant was not entitled to damages in any sum, and plaintiff was under no requirement or necessity to condemn. It chose, however, to meet defendant on his own ground, and procured the assessment of his damages and paid them. It could have sought specific performance, but did not do so; it could have sued at law for damages, but did not do it; it could have proceeded to the construction of its road upon the designated line without first appealing to the law, and have made use of its alleged contract in defense of any action or proceeding brought by the defendant to prevent the construction or to recover damages on account of such appropriation of the right of way. This is clearly pointed out in our opinion on the appeal from the assessment of damages. *Burrell v. Waterloo, C. F. & N. R. Co.*, 173 Iowa 441. If the company, finding its alleged contract denied by the defendant, thought it advisable to avoid the annoyance and expense of attempting to enforce it by suit in equity or action at law, it was, of course, entirely within its privilege to waive or abandon its claim to a conveyance without payment of damages, and proceed to procure the desired right of way by coming to an agreement

with defendant upon the price and paying it; or, if agree-
ment could not be reached, by instituting condemnation
proceedings, and paying the jury's award of damages. The
plaintiff's course in this respect was wholly voluntary,
and we can conceive of no rule or principle of law by which
the act of the defendant, in receiving the damages assessed
in his favor on plaintiff's application, and voluntarily
paid into court for his benefit, can be held to be a legal
wrong, or afford any ground upon which to plant another
action for the repayment of the money.

This is by no means a novel question; for controver-
sies more or less similar in character have quite frequent-
ly found their way into the courts, and have also had the
attention of law writers. See Randolph on Eminent Do-
main, Section 251; Lewis on Eminent Domain (2d Ed.),
Sections 441, 660; *Rippe v. Chicago, D. & M. R. Co.,* 23
Minn. 18; *Town of Princetown v. Templeton,* 71 Ill. 68;
*Omaha, N. & B. H. R. Co. v. Gerrard,* 17 Neb. 587; *In re
Village of Olean v. Steyner,* 135 N. Y. 341 (32 N. E. 9);
*City of Evanston v. Clark,* 77 Ill. App. 234; *Cowley County
v. Hooker,* 70 Kan. 372; *Johnston Min. Co. v. Butte &
B. C. M. Co.,* 60 App. Div. (N. Y.) 344 (70 N. Y. Supp.
257); *Northington v. Taylor County,* (Tex.) 62 S. W. 936;
*Test v. Larsh,* 76 Ind. 452. While the facts treated in fore-
going precedents are not, in all respects, parallel with
these shown in the present case, the principle recognized
and applied in all of them is much to the point. It is
well illustrated in *Town v. Templeton,* supra, where a
town, having instituted proceedings to condemn certain
property for public use, thereafter sought to ignore such
action, and claim the property under an alleged prior gift
or dedication. This, said the court, "is a clear admission
that they had no claim, and it is an admission that es-
tops them from claiming a dedication, either under the
deed or by parol." In *Johnston M. Co. v. Butte Co.,* supra,

applying the same principle, the court holds that a company, by beginning and maintaining a proceeding to condemn a right, admits that it does not possess it, and having done so, it cannot maintain a suit to reform a contract to give it that right. Equally to the point is the language of the New York court in *In re Village of Olean v. Steyner,* supra, where the plaintiff municipal corporation, after proceeding to condemn land for its use, asserted a right thereto by a prior dedication. The court, denying the right of the village to thus change front, says that the institution of the condemnation proceedings "necessarily involves an admission of the landowner's right, and an inquiry into his damages resulting from a necessary taking of that right. If Fifth Street was in truth dedicated to the public use, and that dedication accepted by the municipal authorities, the commissioners were at liberty to open the street and occupy and maintain it without any proceeding whatever, * * * But the municipality waived any such claim * * * by proceeding under the charter to condemn the landowner's right, and to assess his damages for what was proposed to be taken from him. Manifestly, the village conceded his right when it instituted a proceeding to take it away. * * * The charter does not authorize a taking of the fee, but only an easement for a street, and precisely that easement had already passed if there had been a dedication and acceptance, and the municipality finds itself in the awkward position of seeking to condemn its own property for its own use."

It should also be said in this connection that, upon the appeal taken from the award from the sheriff's jury, the plaintiff sought to prove its alleged contract with the defendant for a grant of the right of way over his land without payment of damages; and on the final hearing in this court, the assertion of such right was overruled. *Burrell v. Waterloo, C. F. & N. R. Co.,* 173 Iowa 441. True,

in so ruling, we did not go beyond the necessity of the case there presented, and undertake to decide whether, after condemning the right of way and paying the damages, plaintiff could still maintain an independent action upon its alleged contract; but we think it a necessary and inevitable result that no such right of action survives the condemnation.

It is not very material whether this result is said to be reached by an application of the rules pertaining to waivers or to estoppels *in pais* or estoppels by record, or upon the general proposition, affirmed by all the courts, that a party will not be heard to assert two inconsistent rights or claims and be awarded recovery or relief on both. The plaintiff in this case sought to exercise, and did exercise, its delegated power of eminent domain. In doing so, it expressly declared that defendant was the owner of the land, and, the parties being unable to agree upon the amount of damages, plaintiff asked for a jury to assess them. Impliedly, this was not only an admission of defendant's right, but also an expression of willingness to pay the damages when once properly assessed. The assessment being made, and its correctness being affirmed on appeal, the plaintiff paid it. If all this is not a concession of defendant's right in the premises, it is difficult to conceive in what manner a more effective concession could have been made. Having taken this attitude, and pursued the condemnation to a successful end, plaintiff cannot be permitted to say that defendant was guilty of a wrong in receiving the money which it voluntarily paid into court for his benefit in a proceeding instituted by itself for that very purpose. It follows that the trial court erred in submitting that issue to the jury, and a new trial must be ordered.

In the foregoing discussion, we have purposely avoided reference to the further claim of plaintiff that defend-

ant agreed to procure and furnish the right of way over other lands which he did not own, and that, when he failed to do so, plaintiff was com-. pelled to condemn it. As will readily be seen, the issue upon this claim presents, in some respects, a different question from the one we have just disposed of; but we find it unnecessary to here con-sider it. While returning a verdict for plaintiff for dam-ages based on defendant's failure to furnish the right of way over all the described lands, the jury, at the direction of the court, designated the portion of such amount which it attributed to his failure to furnish the right of way over lands other than his own; and it is the contention of appellee that, in any event, it is entitled to an affirmance of the judgment to the extent of this separate finding. But this, we think, should not be done. The plaintiff declared upon a single cause of action. Its petition is in a single count, alleging a single contract and a breach thereof in its entirety, for which it demands damages in a single ag-gregate sum. The petition, as contained in the abstract, does not disclose or allege the ownership of any other per-son than the defendant. Indeed, while not so alleged in express terms, the natural, if not necessary, inference from its language is that the contract had reference to the de-fendant's property only. It is only in the evidence offered on the trial that the ownership of one tract of the land by his son comes to the surface. Upon a record of this kind, an attempt by this court to dissect the judgment be-low into parts, and affirm as to one part and send the oth-er part back for a retrial, is quite clearly not allowable. *Seevers v. Cleveland Coal Co.*, 166 Iowa 284, 291; *Bond v. Wabash, St. L. & P. R. Co.*, 67 Iowa 712, 717; *Story v. New York & H. R. Co.*, 6 N. Y. 85; *Wolstenholme v. Wolsten-holme F. Mfg. Co.*, 64 N. Y. 272.

Sufficient has been said to indicate the necessity of a

2. APPEAL AND ERROR : rever-sal *in toto.*

reversal of the judgment rendered by the trial court, and the cause will be remanded for a new trial, or other pro-ceedings not inconsistent with the views expressed in this opinion.—*Reversed and remanded.*

PRESTON, C: J., GAYNOR and STEVENS, JJ., concur.