E. E. KELLER, Appellant, v. KEITH GARTIN, Appellee.

No. 42831.

June 21, 1935.

Bracewell & Poston and H. V. Levis, for appellant.

G. C. Stuart and A. V. Hass, for appellee.

Donegan, J.—On July 18, 1933, about 8 o'clock p. m., a Chevrolet coach owned by plaintiff, E. E. Keller, and operated by his son, Donald Keller, was proceeding southward on primary road No. 65 in Wayne county, Iowa. Accompanying said Donald Keller at that time were a young man named Paul Wells and two young ladies. Shortly after this automobile came over the brow of a hill, a collision occurred between it and another automobile owned and driven by Keith Gartin, which was going northward on said road. As a result of this collision the Keller car was so badly damaged that it was in a condition beyond repair, Donald Keller received certain injuries, and Paul Wells sustained damages to his clothing and a slight injury which necessitated the attendance of a doctor. The claim of Paul Wells was assigned to E. E. Keller, the owner of the car, who brought suit therefor as well as for the injuries sustained by Donald Keller and the damage done to the car. Upon the trial of the case, the jury returned a verdict in favor of the defendant, and the plaintiff appeals. The principal grounds of error alleged are based upon instructions given and refused by the trial court.

I. It is first claimed that the court erred in the statement of the cause of action, as set forth in plaintiff's petition. In instruction No. 4 the court told the jury that the only ground of negligence alleged by plaintiff was that defendant negligently "drove his car in a northerly direction and allowed it to travel to the west of the center of the highway and encroached upon the line of travel of said Donald Keller", and in instruc-

tion No. 5 the court referred to the negligence of the defendant "as set out in the preceding instruction." The complaint made is that these instructions limited the jury to a consideration of the negligence of the defendant in failing to yield one-half of the traveled portion of the highway, whereas the plaintiff's petition alleged that the plaintiff's car was occupying the west side of the west line of travel close to the edge of said highway, and the negligence claimed by plaintiff was not merely that the defendant failed to yield one-half of the traveled portion of the highway, but that he traveled several feet to the left of the center line of said traveled portion of the highway before colliding with plaintiff's car.

The allegations of defendant's negligence contained in plaintiff's petition are found in paragraph 5, where it is stated that the defendant "negligently and carelessly drove his car in a northerly direction and allowed his car to travel to the west of the center of the highway, and in that way encroached upon the line of travel which said Donald Keller was traversing"; and in paragraph 6, where it is stated "that as a consequence of driving to the west of the center of highway 65, the automobile driven by the defendant collided with, and ran into the car of the plaintiff." Paragraph four contains the statement that plaintiff's car was "traversing the west side of highway number 65 and to the west of the center of the line of travel", and paragraph 7 states that "the car of the plaintiff was occupying a position at the west side of the west line of travel on primary 65, close to the west edge of the shaled part of said highway"; but neither of these statements amounts to an allegation of negligence on the part of the defendant. The only allegations of acts of the defendant which it is claimed constituted negligence are those contained in paragraphs 5 and 6, which we have set out above, and we, therefore, find no error in the court's statement of the grounds of negligence alleged in plaintiff's petition.

II. In its instruction No. 11 the court told the jury:

"It is also the claim of the plaintiff that immediately preceding the collision, defendant's car swerved to the west, and thereby brought about the collision. This is not alleged as a specific ground of negligence on the part of the defendant, but it is material for you to consider as bearing upon the question of contributory negligence on the part of Donald Keller.

"In this connection, you are instructed that if a person is confronted with a sudden emergency, not of his own making, he is not held to the same accuracy of judgment as is required under ordinary circumstances, and if an accident occurs, he would be guilty of contributory negligence only for a failure to exercise that care which a person of ordinary care and prudence would exercise under the same or similar circumstances."

Complaint is made of this instruction because it is claimed that, in telling the jury that the swerving of defendant's car was not alleged as a specific ground of negligence but that it was material for them to consider as bearing on the question of contributory negligence on the part of Donald Keller, and in then proceeding to explain this statement and apply it to the question of contributory negligence on the part of Donald Keller only, without in any way explaining it or applying it to the question of defendant's negligence, the jury would understand that the swerving of defendant's car should not be considered by them in determining negligence on the part of the defendant, but that they should consider it only in connection with the care which should have been used by Donald Keller in avoiding the collision. It is true, of course, that the court in a preceding instruction had told the jury that a violation of the law requiring defendant to give the driver of plaintiff's car one-half of the traveled portion of the highway by turning to the right would be prima facie evidence of negligence on the part of the defendant. It is also true that the sudden swerving of the defendant's car to the west was not alleged in the petition as a separate and specific ground of negligence. The language used by the court, however, might readily lead to confusion on the part of the jury as to whether this swerving could be considered for any other purpose except in determining the question of contributory negligence on the part of Donald Keller. The facts were such that the jury might have found that as the cars approached each other the defendant's car was slightly to the west of the center line of the highway, but that this was not the proximate cause of the accident, because, they might also have found that plaintiff's car was near the extreme west edge of the traveled part of the highway and that there was sufficient space between the path of the defendant's car and the path of the plaintiff's car so that the collision would not have occurred had the cars con-

tinued in their respective courses. If the jury understood that the evidence of this sudden swerving was not to be considered for any other purpose than its bearing upon the contributory negligence of the driver of plaintiff's car, then they might readily understand that this swerving of defendant's car to the west was not controlled by the previous instruction in regard to yielding one-half of the traveled portion of the highway, and that, because it had not been alleged in plaintiff's petition as a specific ground of negligence on the part of the defendant, it should not be considered as negligence by them in determining the liability of the defendant. Having told the jury that this sudden swerving of defendant's car to the west was not alleged as a specific ground of negligence, we think the court should have told the jury that it was material to be considered by them as bearing on the question of defendant's negligence in failing to yield one-half of the traveled portion of the highway to the driver of plaintiff's car, as well as upon the question of contributory negligence on the part of the driver of plaintiff's car.

 III. In its instruction No. 12 the court told the jury that:

"The defendant would not be liable for the happening of an accident without negligence on his part, and if you find from the evidence that the damages to the plaintiff were the result of an accident, that is, an unexpected and unforeseen occurrence not caused by negligence of the defendant, then your verdict should be for the defendant."

Appellant complains of this instruction because he contends that there is no evidence that the collision was the result of an accident and because this instruction, therefore, injects into the case an issue concerning which there was no evidence. He also complains that the court in other places in its instructions uses the word accident when referring merely to the collision, without giving any further definition, and that, by defining what is meant by accident in instruction No. 12, the jury would give the same meaning to the word as used in the other instructions. We think that appellant's latter contention is hypercritical. The use of the word accident in the instructions other than No. 12, while perhaps not precise, was such as is frequently made of this word, and the connection in which it was used was such that, so far as these instructions are concerned, we

do not feel that the jury would have misunderstood its meaning.

■■■ It is apparent, however, that the word accident, as used in instruction No. 12, meant more than the mere collision, because the court defines it as an "unexpected and unforeseen occurrence not caused by the negligence of the defendant." We can see no occasion for the use of this instruction in this case. If the court had merely intended to tell the jury that the occurrence of a collision would not raise any presumption of negligence on the part of the defendant, it might easily have said so. Under the evidence in this case, either the defendant was traveling on the left half of the traveled portion of the highway, or the plaintiff was traveling on the east portion of the traveled portion of the highway. The defendant denied that he was on the left portion of the highway, and the plaintiff alleged that he was not on the east portion of the highway, and neither of them, under any construction of the evidence, admitted that he was on the wrong side of the highway or offered any excuse therefor. Under the evidence in this case the collision occurred because of the negligence of the plaintiff or because of the negligence of the defendant, or because of the negligence of both of them, and we think that, in using the instruction in question, the court injected into the case a question which was not warranted by the evidence.

■■■ IV. Further complaint is made that the court failed to instruct the jury that, as to the portion of the claim for damages set up in plaintiff's petition which had been assigned to plaintiff by Paul Wells, the plaintiff's right to recover would not be defeated by contributory negligence on the part of Donald Keller, the driver of plaintiff's car. It appears from the evidence that Paul Wells was a guest in the plaintiff's car at the time of the collision, and, so far as the evidence shows, he had no control or management of the car. Any negligence on the part of the driver of the car would not, therefore, be imputed to Paul Wells, and, under the evidence in the case, the plaintiff might have been entitled to a verdict for the damages sustained by Paul Wells, the claim for which had been assigned to him, even though not entitled to recover as to the other items of damage claimed by him. Appellee contends that, because the plaintiff's petition contained no allegation of freedom from negligence on the part of said Paul Wells, there was no error in

failing to instruct on this issue; that there was no proof in the record sustaining Paul Wells' freedom from contributory negligence; that the theory upon which the case was tried in the lower court was that the plaintiff's right to recover as to all items of his petition was controlled by any contributory negligence on the part of the driver of his car; and that, if plaintiff desired an instruction which would enable him to recover upon the part of the claim which had been assigned to him by Paul Wells, regardless of the contributory negligence of the driver of defendant's car, he should have requested such instruction.

█■█ With these contentions of appellee we cannot agree. Plaintiff's petition alleged that the collision was caused solely by the negligence of the defendant, and thus inferentially alleged no negligence on the part of Paul Wells. Defendant made no attack upon the sufficiency of the petition. The plaintiff offered evidence, to which there was no objection, tending to show that Paul Wells was not guilty of any negligence contributing to his damages, and defendant, by cross-examination and by the introduction of a written statement made by Paul Wells, met the issue thus presented by plaintiff's evidence. The issue as to the contributory negligence of Paul Wells was, therefore, before the jury and it cannot be said that the case was tried on the theory that the portion of the claim representing the damages alleged to have been sustained by Paul Wells would be controlled by the negligence of the driver of plaintiff's car. It was the duty of the court to instruct upon all essential issues before the jury without request by the plaintiff, and, in failing to instruct upon the right of the plaintiff to recover as to the portion of the claim assigned to him by Paul Wells, regardless of any contributory negligence on the part of the driver of plaintiff's car, we see no escape from the conclusion that the court committed prejudicial error.

█■█ It is contended by appellee, however, that, even though error was committed by the court in this regard, the portion of the claim thus involved can be readily separated from the other damages claimed by plaintiff; that the verdict and judgment in favor of the defendant should stand as to all the other damages claimed, and should be reversed only as to the portion of the damages represented by the claim of Paul Wells. It is true that a new trial may be awarded as to one or more counts alleged in a plaintiff's petition and refused as to others, where this can be

done without danger of confusion or prejudice. Woodward v. Horst, 10 Iowa 120; McElhone v. Wilkinson, 121 Iowa 429, 96 N. W. 868; Case Threshing Mach. Co. v. Fisher & Aney, 144 Iowa 45, 122 N. W. 575. The general rule, however, is that a new trial, if granted at all, should be awarded for the entire case, and we have held that on appeal, if it appears that the judgment appealed from is erroneous as to a portion of the case, the whole judgment will be reversed. Bond v. Wabash, St. L. & P. Ry. Co., 67 Iowa 712, 25 N. W. 892; Seevers v. Cleveland Coal Co., 166 Iowa 284, 147 N. W. 761; Waterloo, C. F. & N. R. Co. v. Burrell, 184 Iowa 689, 169 N. W. 53. If this were the only error in the case, we might be inclined to confine our reversal merely to the portion of the claim assigned to the plaintiff by Paul Wells, but, in view of the errors to which we have referred in divisions II and III of this opinion, we are not satisfied that the plaintiff has had a fair and impartial trial, and it is our opinion that a new trial should be granted as to the entire case.

V. Complaint is made as to other instructions given and an instruction refused by the court. We have examined the errors alleged in regard to all these instructions, and we find no merit therein.

For the reasons stated in the opinion, it is the order of this court that the case be reversed and remanded for a new trial.— Reversed and remanded.

ANDERSON, C. J., and ALBERT, MITCHELL, KINTZINGER, PARSONS, RICHARDS, and HAMILTON, JJ., concur.