## WOODWARD v. HORST.

1. EVIDENCE AND INSTRUCTIONS. The judgment of the court below will not be reversed, because of the erroneous admission of evidence, when the record shows that such evidence was so explained, in the instructions of the court to the jury, that it worked no prejudice to the appellant.

2. COPARTNERSHIP: CONTRACT. Action by the assignee of S., on an account for goods purchased by defendant, of the firm of H. & S. of which the assignor was a member, under a contract with the firm to pay defendant a certain sum in goods out of the firm store; also for goods sold defendant by the plaintiff, as assignee; *Held*,

    1. That plaintiff was not entitled to recover for goods sold defendant by the firm.

    2. That he was entitled to recover for the goods sold by the assignee unless it was shown that he sold them in the performance of the contract of the firm with the defendant.

3. NEW TRIAL: SEPARATION OF CAUSES OF ACTION. As a general rule a new trial when granted, is awarded for the entire case, yet when not attended by confusion, and when it will not result in prejudice to the rights of the parties, it may be granted as to one or more causes of action set up in a petition, and refused as to the others.

4. SAME: EQUITIES. A new trial will not be granted upon doubtful or technical grounds, or when substantial justice has been done in the trial below.

*Appeal from Scott District Court.*

FRIDAY, DECEMBER 9.

ACTION upon an account. Plaintiff is the assignee, under a general assignment, of one Stolley. Haggie & Stolley were partners, and upon the dissolution, Stolley by agreement succeeded to all the interest of the firm. A part of this account was contracted prior to this assignment by Stolley, and a portion afterwards. Verdict for defendant. Motion for a new trial sustained as to so much of the account as was made after the assignment, and overruled as to that made before. Plaintiff appeals.

*J. N. Rogers* for the appellant, to the points that the court erred in setting aside the verdict in part, and allowing it to stand in part; and in rendering judgment for defendant in part of the case, leaving the action to proceed as to the remainder, cited Ld. Mansfield in *Edie* v. *East India Company*, 2 Bur. 1216 (467 Am. ed.); *Field* v. *Ringo*, 2 Eng. Ark. R. 435.

*James Grant* for the appellee, contended that the ruling of the court on the motion for a new trial was not erroneous, and that if it was, the appellant can not complain of that order unless it appears that he was injured thereby, citing *Nagle* v. *Hornburner*, 6 Ind. 69; *Oliver* v. *Page*, 6 Geo. 185, *Powers* v. *Bridges*, 1 Green (N. J.) 255.

WRIGHT, C. J.—For the purpose of proving that defendant had paid Haggie & Stolley $300, in cash, the "pass book," referred to, and found in the record, was inadmissible. As evidence tending to show that the firm had acknowledged an indebtedness to the defendant to that amount, upon the arrangement or under the agreement set up in the answer, it was admissible. But for the instructions upon this subject, this

testimony might have misled the jury. These, however, placed the purpose and object of the evidence submitted, in so clear and correct a light, that there could not reasonably have been any prejudice to plaintiff's rights, from its introduction. And the same may be said as to the objection that the entry in the book was made by the clerk of the firm. Unless it was authorized or sanctioned by them, it was not evidence against the plaintiff. The court so instructed the jury, and we think there was abundant evidence to sustain the conclusion that they did sanction such entry. Cases may occur where we may be satisfied that, unexplained or unassisted by the instructions or otherwise, there was error in the admission of the testimony. Where, however, from the instructions or from other parts of the record, we are able to see that this error worked no prejudice, the case should not be reversed.

Defendant sets up in his answer that the goods sued for were sold and delivered to him, under and by virtue of an agreement to the effect following : That he had bought of Haggie certain lands for which he had paid $2,400, and received a warranty deed; that he afterwards ascertained that there was an incumbrance on the land, to the amount of $300; that in consideration that defendant had to remove the same, it was agreed by Haggie & Stolley that defendant might take, and receive from their store, goods to the amount of said $300, the firm looking to Haggie for pay therefor, and that in accordance with this agreement defendant purchased and received the goods charged in plaintiff's account, and upon no other contract or agreement. The jury it seems found in favor of the defendant upon the issue made by this plea. And as to so much of the account as was contracted before the general assignment, this verdict was clearly sustained by the evidence. As to the goods purchased after this, the verdict was wrong. It was wrong for the reason that the goods as part of the assets of the insolvents had passed into the hands of the assignee for the benefit of Stolley's creditors. The debt of the defendant, for so much of the $300 as

Woodward v. Horst.

remained unpaid at the time of the assignment, stood as any other claim against Haggie, or against the firm, if such firm by a valid contract had undertaken to pay the same. Whatever may have been the understanding of the defendant as to the agreement under which he was still receiving the goods, the plaintiff would not be bound by it, without proof that he in some manner concurred in, or sanctioned the same. This was not shown.

But the plaintiff claims that the verdict being set aside as to part of the demand, it should have been as to all. We do not think that he could demand this as a matter of right, nor that he has any ground to claim that he has been prejudiced. As before stated, the verdict was clearly right as to the goods purchased before the assignment. The petitioner claims this account in a separate count. The second count is devoted entirely to the account made after the assignment. There is, therefore, no difficulty and need be no confusion in the subsequent proceedings in the cause.

It may be admitted, that as a general rule a new trial when granted is awarded for the entire case, and that ordinarily, courts will not dispose of a cause by piecemeal. And yet when not attended with too much confusion or inconvenience, or where it can be done without prejudice to the rights of parties, there is no substantial or valid objection to departing from the general rule. In this case there need be no confusion, and certainly there is no prejudice. Defendant admits in his answer both accounts, but pleads in avoidance. The jury found properly that this plea was sustained as to one count, but erred in their finding upon the second count. What purpose is to be gained then by awarding a new trial as to a part of the case not necessarily depending upon, or connected with the other, and which has already been once properly decided? The defense as pleaded, it is true, may be the same as to both, but the whole case shows that it was good as to one, and bad as to the other, and that the plaintiff's right to recover upon the two counts did not depend upon the same facts, nor the same law.

But it is also urged that there was no sufficient proof that defendant ever contracted with Haggie in relation to the specific land described in the answer, and that in this respect there was no evidence to sustain the verdict.   Granting this, it would still remain true that substantial justice has been done; the merits have been correctly decided, and the parties therefore should not be turned over to a second trial. This is a well settled rule of the books on the subject of new trials.   Another equally well settled is, that such motions are not granted against the equity of the case, nor upon technical or doubtful grounds where there was evidence on the merits to support the finding.   1 Gra. & Wat. on New Trials 388, 338, 407.

Judgment affirmed.