## Morss v. Johnson.

**Practice:** INSTRUCTIONS: VERDICT. The Supreme Court will not sustain a verdict which is in conflict with the instructions.

*Appeal from Winneshiek Circuit Court.*

THURSDAY, JUNE 11.

ACTION upon the indorsements of two promissory notes waiving demand and notice. There was a verdict and judgment for defendant. Plaintiff appeals.

*Morse & Brown,* for appellant.

*Willett & Wellington,* for appellee.

BECK, J.—The defendant transferred to plaintiff two promissory notes, and signed his name to indorsements waiving demand and notice written thereon. The action is brought
PRACTICE: upon these indorsements. The defense pleaded is
instructions:
verdict.   that the execution of the indorsements was fraudulently procured by plaintiff, through false representations as to the legal effect of the writing signed by defendant. There was evidence given by defendant himself, tending to prove that he could read and write the English language but a little; that he did not understand the legal effect of the indorsements; that he signed them without reading or attempting to read them, and that they were not read to him. He also testifies that plaintiff represented that the indorsements were mere matters of form, to transfer the title of the notes, and would not have the effect to make him liable therefor. Upon these points he is contradicted by the testimony of plaintiff. No other evidence bearing with much weight upon these points were introduced by either party.

The court, among other instructions, directed the jury that if "the defendant was so ignorant as not to understand the legal effect of the indorsements on the notes, and the plaintiff knowing the defendant was ignorant in regard to the legal effect of

the indorsements," falsely and fraudulently made the represen-
tations charged, he cannot recover.

We are not called upon to inquire into the correctness of this
instruction. Having been given by the court as a rule of law,
the jury were to be guided by it in making up their verdict.
Indeed counsel for defendant maintains its correctness by the
citation of authorities, and counsel for plaintiff do not seriously
question it.

In our opinion the verdict of the jury is in conflict with this
instruction. There is an utter want of evidence to establish
that plaintiff knew defendant to be ignorant of the legal effect
of the indorsements. Defendant in his testimony does not inti-
mate that plaintiff had any knowledge on that subject. On
the contrary he states that he wrote his signature to the indorse-
ments, and it further appears from his evidence, that the trans-
action was carried on as we would expect to see such business
done by men of ordinary intelligence and capacity. Plaintiff
positively states that he had no reason to suspect, and did not
know, that defendant was ignorant of the true effect of the
indorsements signed by him.

The judgment of the Circuit Court is

REVERSED.