BOND v. THE WABASH, ST. LOUIS & PACIFIC R'Y CO.

1. **Railroads**: EXTORTION AND UNJUST DISCRIMINATION: PENALTY: STATUTE STRICTLY CONSTRUED: § 13, CHAP. 77, LAWS OF 1878. Section 13, Chapter 77, Laws of 1878, providing a penalty for the violation of any of the provisions of said act "as to extortion or unjust discrimination," is, like all other penal statutes, to be strictly construed, and must be limited to extortion and discrimination in making charges; and the penalty of treble damages cannot be recovered for a failure or refusal to furnish cars or transportation, as required by § 10 of the act.

2. **Practice in Supreme Court**: CONSIDERATION OF QUESTIONS NOT LIMITED BY REASONING OF COUNSEL. Where questions are properly brought to the notice of this court, the court's consideration of them is not limited to the reasons urged by counsel in argument; and if objections

properly arising seem to the court to be well taken they will be sustained, even though the reasons urged by counsel in support of them must be discarded, and sound reasons substituted.

3. ———: THE THEORY OF A CAUSE MUST BE ADHERED TO. The theory of a cause cannot be changed on appeal; and where an action for treble damages was brought under one statute, the right to recover actual damages under another statute cannot be considered on appeal.

4. ———: CAUSE NOT DIVIDED. Where a judgment in a law action is based on several independent counts, and it is found erroneous as to some of the counts, it will not be affirmed as to part and reversed as to part, but the case as a whole will be reversed and remanded.

5. ———: CONSTITUTIONAL QUESTIONS CONSIDERED WITH RELUCTANCE. This court will not consider constitutional questions unless it is necessary for the disposition of the case.

*Appeal from Pottawattamie Circuit Court.*

TUESDAY, DECEMBER 15.

ACTION to recover for refusal of defendant to transport corn for plaintiff, and for failure of defendant to transport corn with promptness, by reason whereof it sustained injury. There was a verdict and judgment for plaintiff. Defendant appeals.

*D. H. Solomon,* for appellant.

*Sapp & Pusey,* for appellee.

BECK, CH. J.—I. The petition is in five counts. The first alleges the corporate capacity of the defendant, and the route and extent of its railroad. The second alleges that defendant refused to furnish cars for transportation of corn from Mineola, a station on defendant's railroad, to St. Louis, which plaintiff had contracted to deliver upon the cars at Mineola. The third count alleges that defendant refused to furnish plaintiff cars to transport corn from Mineola to Toledo, Ohio, and St. Louis and Kansas City, Missouri, although defendant was then furnishing cars to other persons for transportation of property to the cities just mentioned. The fourth alleges

that defendant refused to draw cars of the Kansas City, St. Joseph & Council Bluffs Railroad Company from Council Bluffs to Mineola, to be there loaded with plaintiff's corn, and to be transported to Council Bluffs, and there delivered to the Kansas City, St. Joseph & Council Bluffs Railroad Company, to be hauled to the places of their destination. The fifth count alleges that plaintiff shipped upon defendant's railroad, to be transported to Toledo, Ohio, certain corn, which was injured by unreasonable delay, caused by the neglect of defendant. The petition claims to recover, upon the second and fifth counts, actual damages, and upon the third and fourth treble damages. The jury found the damages as claimed by plaintiff,—actual damages on the second and fifth counts, and treble damages on the third and fourth.

II.   Plaintiff claims to recover upon the third and fourth counts under chapter 77, § 13, Acts Seventeenth General Assembly, (Miller's Code, 352.) The case was tried on the theory that, upon the case made by these counts and the evidence, plaintiff is entitled to recover under that provision treble damages, the court so holding in instructions and in other rulings. So much of the section of the act referred to as is necessary to quote is as follows: "Any railroad corporation which shall violate any of the provisions of this act as to extortion or unjust discrimination shall forfeit, for every such offense, to the person, company or corporation aggrieved thereby, three times the actual damages sustained or overcharges paid by the said party aggrieved, together with the costs, and reasonable attorney's fees to be fixed by the court." The provisions, the violation of which subjects a railroad company to the penalty prescribed, are found in the following sections of the statute:

*1. RAILROADS: extortion and unjust discrimination: penalty: statute strictly construed: § 13, chap. 77, Laws of 1878.*

"Sec. 10.   It shall be the duty of any railroad corporation, when within their power to do so, and upon reasonable notice, to furnish suitable cars to any and all persons who may apply therefor, for the transportation of any and all kinds of

Bond v. The Wabash, St. Louis & Pacific R'y Co.

freight, and to receive and transport such freight with all reasonable dispatch, and to provide and keep suitable facilities for receiving and hauling the same at any depot on the line of its road; and also to receive and transport in like manner the empty or loaded cars furnished by any connecting road, to be delivered at any station or stations on the line of its road, to be loaded or discharged or reloaded and returned to the road so connecting, and for compensation it shall not demand or receive any greater sum than is accepted by it from any other connecting railroad for a similar service.

"Sec. 11. No railroad corporation shall charge, demand or receive from any person, company or corporation, for the transportation of persons or property, or for any other service, a greater sum than it shall at the same time charge, demand or receive from any other person, company or corporation for a like service from the same place, or upon like conditions, or under similar circumstances, and all concession of rates, drawbacks and contracts for special rates shall be open to and allowed all persons, companies and corporations alike, at the same rate per ton per mile by car-load, upon like condition and under similar circumstances, unless, by reason of the extra cost of transportation per car-load from different points, the same would be unreasonable and inequitable; and shall charge no more for transporting freight from any point on its line than a fair and just proportion of the price it charges for the same kind of freight transported from any other point.

"Sec. 12. No railroad company shall charge, demand or receive from any person, company or corporation an unreasonable price for the transportation of persons or property, or for the handling or sorting of freight, or for the use of its cars, or for any privilege or service afforded by it in the transaction of its business as a railroad corporation."

III. The "extortion or unjust discrimination" contemplated in section 13 arises by extortionate or discriminating charges, not from failure or refusal to furnish transportation,

or to furnish cars. There can be no doubt of the correctness of this construction, so far as the penalty provided by section 13 rests upon the violation of duties imposed by sections 11 and 12, which relate only to freight charges; and there is as little doubt that section 10 does not provide against "discrimination" in furnishing cars or in transportation of property. It simply imposes duties which the common law lays upon all carriers, with others relating to the furnishing of cars and the transportation of cars delivered to a railroad from a connecting road. There is nothing in the section which in direct language so forbids "discrimination" that it can be said the penalties of section 13 were intended to apply thereto. It is a familiar rule that penal statutes must be strictly construed, and cannot be extended by implication. See Potter's Dwar. St., 245, and notes. The statute in question, as it imposes a forfeiture for doing a thing therein prohibited, is to be regarded as penal. Potter's Dwar. St., 74, 75. The statutes in question are to be regarded as penal, and they cannot, therefore, be construed to impose a penalty for "discrimination" in furnishing transportation. It clearly appears that plaintiff's petition presents no case for treble damages under the statute in question.

IV. Defendant's counsel makes various objections to the proceedings and judgment, but fails to present as a reason for supporting any one of them the fact that the statutes upon which the third and fourth counts are based do not authorize the recovery of treble damages for the acts alleged in the petition and established by the evidence. He makes objections to the evidence, to rulings upon instructions and upon a motion in arrest, but does not support any one of them upon the ground that treble damages are not recoverable in the case made by plaintiff. But defendant could have assigned as a reason in support of more than one objection this very ground. It is, then, the case of a failure to present the proper reason in support of objections. We will not con-

2. PRACTICE in supreme court: consideration of questions not limited by reasoning of counsel.

sider points not made in the courts below and in this court; but this rule does not extend to reason upon which points may be sustained. We are not bound to follow the reasons of parties or counsel. We may discard all their reasons, and support their objections or positions upon the true grounds, even if they have not rested upon them. Our conclusion, therefore, that the case cannot be maintained, that erroneous instructions were given and evidence erroneously admitted, or a motion in arrest erroneously overruled, upon the ground that treble damages are not recoverable, is not a decision of a point not made in the case, but is the application of reasons, not relied upon by defendant, which lead us to support the points or objection urged in the court below and in this court.

V. It is possible that plaintiff may recover actual damages under the common law, or under another statute. See Code, § 1292. But to entitle him to recover upon either, he must frame his suit to that end.

3. ——: the theory of a cause must be adhered to.

He cannot surely sue to recover treble damages under one statute, and upon appeal from a judgment awarding the relief he seeks, ask the court to require defendant to accept a judgment here for actual damages. Nor can defendant, in this court, in a like case, require such a judgment to be entered here. The judgment upon two counts being for treble damages, is erroneous.

This demands a reversal of the judgment as to the whole case. We cannot divide up a case, keeping a part of it here, by affirming the judgment to a certain extent and remanding the other part for a new trial in the circuit court.

4. ——: cause not divided.

The reversal must therefore extend to the whole case. It is plain that such a course will be more likely to attain the ends of justice than the other, which would divide the case, and settle a part of it at a time. It appears that the court below may, in a proper case, grant a new trial as to part of the case, but that, generally, this will not be done. *Woodward v. Horst*, 10 Iowa, 120. The reasons which support the authority of the court below to grant a

new trial on part of the counts of a petition do not apply to this court. We cannot sanction such a practice here. The judgment must be reversed as to the whole case.

VI. There are many questions discussed by counsel; among others, one involving the constitutionality of the sections of chapter 77 of the Acts of the Seventeenth General Assembly, above quoted. We will not consider constitutional questions unless it is necessary for the disposition of the case. For this reason we cannot consider the constitutional question argued by counsel.

5. ——: constitutional questions considered with reluctance.

VII. Other questions argued by counsel we shall not consider, for two reasons: (1) It is certain that some of them will not arise upon another trial in the court below. Indeed, if the pleadings be amended, as they certainly ought to be, many of these questions will not probably again arise. (2) Some of the questions are not presented in a sufficiently clear manner to enable us to determine them to our satisfaction. Doubtless, if the case should come here again, counsel, in the exercise of greater care, would correct this fault. It may be further said that counsel for plaintiff do not notice many questions presented by defendant.

The judgment of the circuit court is

REVERSED.