F. P. LANDRETH and N. E. LANDRETH, Appellants, v. O. D.
CAREY and W. K. CAREY.

**Appeal:** WHO MAY TAKE ADVANTAGE OF ERROR. Where, under the
1   undisputed evidence, one party is entitled to a verdict for a
certain amount, the other party cannot complain of a verdict
and judgment for a less sum.

**Same:** PRESUMPTION. In an action for breach of contract, a ver-
2   dict for defendant on his counterclaim for less than he was
entitled under the undisputed evidence, does not warrant the
inference that proper consideration was not given to the main
issue in the case.

*Appeal from Adair District Court.*— HON. EDMUND NICH-
OLS, Judge.

THURSDAY, OCTOBER 24, 1907.

THE parties hereto entered into an agreement by the
terms of which plaintiffs were to exchange a stock of goods
at wholesale prices with 6 per cent. added for carriage to
defendants for an eighty acres of land in Adair county at
$76.25 per acre and a horse, harness, and buggy at $200.
If either failed to perform, a forfeiture of $500 as liquidated
damages was stipulated.   Defendants delivered the personal
property, but later declined to complete the deal, and re-
covery on the forfeiture is sought in this action.   The
defendants pleaded that the agreement was procured by
fraud, that plaintiffs refused to invoice their goods accord-
ing to the agreement, and, by way of counterclaim, prayed
judgment for the value of the horse, harness, and buggy.
The trial resulted in a verdict and judgment for $1 in favor
of defendants.   The plaintiff appeals.— *Affirmed.*

*Sullivan & Fry,* for appellants.

*Chapman & Musmaker,* for appellees.

LADD, J.— The evidence was such that the jury should have returned a verdict for plaintiffs in the sum of $500, the amount agreed upon as liquidated damages in event of the failure of either party to carry out the agreement, this being less than the damages actually suffered, or for the defendants with an allowance on their counterclaim for the value of the personal property delivered to plaintiffs in part performance of the contract. The verdict was for defendants, but $1 only was awarded them as damages on the counterclaim; whereas, the uncontradicted evidence showed that the horse, harness, and buggy delivered to plaintiffs on the repudiated agreement were worth $200. One witness testified that the " old horse had side bones in front and was string-halted in both legs." But this may have been so — and it is undisputed — and yet the outfit have been of the value estimated. So we have a case where the defendants, upon a finding against plaintiffs on the issues tried, were allowed but $1 on their counterclaim, when they should have been awarded the sum of $200.

They do not complain of this, however, and if the discrepancy is an indication of passion and prejudice, as contended by appellants, these must have been directed against appellees. Possibly they might have complained, but certainly appellants cannot be heard to insist upon a new trial because they were mulcted $199 less in damages than they should have been. This action of the jury indicated too great tenderness for them, possibly amounting to a passion or prejudice as argued, but, if so, in their favor, and the law will not permit so ungracious a thing as complaint of such treatment. *Harwood v. Breese,* 73 Neb. 521 (103 N. W. 55) ; *Pullman Co. v. Schaffner,* 126 Ga. 609 (55 S. E. 933) ; *Deaton v. Lawson,* 40 Wash. 486 (82 Pac. 879, 2 L. R. A. (N. S.) 392, 111 Am. St. Rep. 922) ; *Arnold v. McBride,*

78 Ark. 275 (93 S. W. 989); *Brazell v. Cohn,* 32 Mont. 556 (81 Pac. 339).

Nor is there any ground for an inference from the discrepancy that the main issues did not receive proper consideration. Of course, suggestions may be imagined which might have appealed to the jury in adjusting the controversy, but that these were thought of or given any weight is not to be inferred from the mere fact that an error was made in a finding not connected with the main issues, though following as a consequence of their decision.

The trial court rightly overruled a motion for new trial, and the judgment is *affirmed.*