J. M. BELL, Appellant, v. J. V. KEARNS.

**Contract of employment:** WAGES: EVIDENCE. In this action upon the counterclaim of a clerk for services, against his employers account for goods sold him, the fact that he failed to demand payment from time to time of the excess of his wages over the employee's account, and that he credited himself with cash paid out for the employer when the employer was owing him, were for the consideration of the jury, as against the contention of the employer that there was a contract for compensation by which he was entitled to payments prior to the expiration of his service, although not conclusive of the controversy.

**New Trial:** INADEQUACY OF VERDICT: WHO MAY COMPLAIN. The fact
that the jury did not allow defendant on his counterclaim as
much as he was entitled to under the instructions and the evi-
dence is not a matter which the plaintiff can urge in support of
a motion for new trial, on the theory that the verdict returned
indicated prejudice and passion.

*Appeal from Hamilton District Court.*—HON. R. M.
WRIGHT, Judge.

SATURDAY, NOVEMBER 18, 1911.

ACTION to recover balance due on account. Defendant
interposed a counterclaim for services rendered to plaintiff
on a contract for an agreed compensation. There was a
verdict for defendant, and plaintiff appeals. *Affirmed.*

*D. C. Chase,* for appellant.

*Wesley Martin,* for appellee.

McCLAIN, J.—In August, 1904, plaintiff purchased
from one Sketchley a grocery business, which he conducted
thereafter, with the assistance of defendant as clerk, until
in November, paying defendant for his services $20 for the
first month (the amount which he had been previously
receiving per month from Sketchley), and thereafter $25
per month. In November it was arranged that defendant
should secure other employment, with some indefinite under-
standing that he might be reemployed by the plaintiff in
the spring following. In May defendant reentered plain-
tiff's employment as clerk, having in the meantime become
indebted to the plaintiff for groceries furnished. The testi-
mony of the plaintiff and that of defendant as to what the
arrangement for compensation was at this time cannot be
reconciled. Plaintiff testified that nothing was then said
as to the rate of compensation, and the court gave an
instruction, not complained of, to the effect that if there

was no new arrangement defendant was entitled to compensation at the rate of $25 per month. Defendant testified that his proposition, accepted by plaintiff, was to work for $1.50 per day, if plaintiff continued to charge him retail price for groceries furnished; and the court instructed the jury that if they found for defendant on this issue they should allow the counterclaim. The arrangement between plaintiff and defendant, whatever it was, continued for more than two years without any formal settlement. When defendant finally left plaintiff's employment, plaintiff claimed a balance on account of about $57, allowing defendant for his services at the rate of $25 per month. Defendant then claimed a balance for services, over and above his indebtedness to plaintiff for groceries, in the sum of about $363. The court left it to the jury to say whether they should return a verdict for plaintiff in the amount of his claim, or for defendant in the amount which he claimed in excess of plaintiff's account against him. The jury returned a verdict in favor of defendant for $132.31, and the plaintiff asked for a new trial, on the ground that the verdict was contrary to the evidence and the instructions of the court. This motion being overruled, plaintiff now contends that there was no substantial evidence to support a verdict in defendant's favor, and that if a verdict was properly returned for defendant it should have been, under the court's instruction, for more than $400, including interest; and that the verdict for defendant for a smaller amount was contrary to the court's instructions, and the result of passion and prejudice.

I. The question as to the credibility of plaintiff and defendant as witnesses in those respects in which they contradicted each other was necessarily for the jury. The failure of defendant to ask payment from the plaintiff, from time to time, of the excess of his salary over the amount of plaintiff

1. CONTRACT OF
EMPLOYMENT:
wages: evidence.

against him for groceries was for consideration by the jury, as against his contention that there was a contract for compensation, under which he was entitled to payments long before the expiration of his term of service, but it was not conclusive. Neither was it conclusive that in two instances he credited himself with cash paid out on plaintiff's account, when, according to his own testimony, money was owing him from plaintiff. His explanation that these two small cash payments were in the nature of advances to cover items of expense in the business which he did not have cash on hand, belonging to plaintiff, to meet may have been regarded by the jury as satisfactory. The verdict is not so far without support in the evidence as to require us to interfere with the finding of the jury.

II. Plaintiff's most serious contention is that under the instruction of the court, if the jury found for defendant, they were required to find a larger verdict than that returned, and that therefore the verdict as returned is contrary to the court's instructions, and must have been the result of passion and prejudice. In support of this contention, counsel cites *Fawcett v. Woods,* 5 Iowa, 400, in which case it was held on defendant's appeal that a verdict for plaintiff in an amount which in effect disallowed defendant's counterclaim to such extent as to be without support in this respect in the evidence should be set aside. But it is to be noticed that in the case cited the defendant was complaining of a failure to award him such damages as he was on the evidence clearly entitled to recover. In the case before us the verdict of the jury on an issue of fact raised by the counterclaim was for defendant, and plaintiff's contention, as appellant, is that the jury did not allow defendant as much as he was entitled to recover on his counterclaim, under the instructions and evidence, in view of the finding of the jury in defendant's favor. It is not for plaintiff to object on appeal that the jury should have returned a larger

2. NEW TRIAL: inadequacy of verdict: who may complain.

verdict against him. Defendant might consistently have complained of the verdict, and no doubt on his appeal it would have been set aside, and a new trial granted, in which the entire question of fact could again have been investigated. See, as somewhat in point, *Talty v. Atlantic,* 92 Iowa, 135; *Tathwell v. Cedar Rapids,* 122 Iowa, 50. But, as defendant is satisfied to let the verdict stand, plaintiff is entitled to no relief, unless it is on the theory that the inadequacy of the allowance to the defendant shows passion and prejudice on the part of the jury in finding any verdict whatever in defendant's favor. The fact that the jury returned a verdict which, in the opinion of the court, is not justified under the evidence as to the amount allowed does not necessarily indicate such passion and prejudice as to require the setting aside of the verdict and the granting of a new trial. If there is error as to the amount, it may be corrected by the court to this extent, that if the successful party will submit to a reduction, so far as the court deems necessary, a new trial will be refused. *Baxter v. Cedar Rapids,* 103 Iowa, 599; *Knowlton v. Des Moines Edison Light Co.,* 117 Iowa, 451; *Ahrens v. Fenton,* 138 Iowa, 559. We reach the conclusion in this case that the failure of the jury to render a verdict for the full amount of defendant's claim does not necessarily indicate passion or prejudice as against the plaintiff, entitling him to have the verdict set aside.

The judgment is therefore *affirmed.*