CHRIS JENSEN, Appellant, v. F. E. DUVALL, Appellee.

**NEW TRIAL:** Grossly Inadequate Verdict. A new trial must be ordered when it is manifest from the verdict that the jury found, under the unquestioned instructions, that plaintiff was entitled to recover, but fixed the amount of recovery at a grossly inadequate amount, as shown by undisputed testimony.

*Appeal from Audubon District Court.*—EARL PETERS, Judge.

DECEMBER 15, 1921.

ACTION to recover damages for wrongful discharge, on December 9, 1919, of plaintiff, who had engaged to work for defendant as a farm laborer for one year, beginning March 1, 1919. There was a trial to a jury, resulting in a verdict for the plaintiff for $50. Judgment was entered on the verdict. Facts appear in the opinion. Plaintiff appeals.—*Reversed and remanded.*

*Mantz & White,* for appellant.

*Sayles & Taylor,* for appellee.

ARTHUR, J.—On March 1, 1919, appellant began work for appellee under an oral agreement for one year from March 1, 1919, at a salary of $75 per month; and in addition thereto, appellant was to have the use of a house for himself and family on appellee's premises, and the use of a milch cow. Appellee paid appellant for his services up to December 1, 1919, at the agreed compensation. On December 9th, appellee discharged appellant from his employ. Appellee did not pay appellant for the nine days that appellant worked in December, nor for any amount claimed for breach of contract.

Plaintiff began this action to recover damages for wrongful discharge from appellee's employ, consisting of loss of wages from December 1, 1919, to March 1, 1920, at $75 per month, $225; loss of use of house for the same period, $50; loss of use of cow for same period, $25,—making a total demand for damages of $300.

Appellant claimed that he sought diligently to obtain other employment after he was discharged, and was able to earn only $18; and he credits defendant in that amount.

Appellee's defense was that he was justified in discharging appellant, because of the failure of appellant to render reasonably good service. The major issue in the trial was whether or not appellee had the right to discharge appellant, or was justified in doing so.

Testimony was introduced by appellant for the purpose of showing that he performed his work well and faithfully, and was discharged without sufficient cause. There was testimony introduced by appellee for the purpose of showing that appellant had failed to render reasonably good service, and that appellee was justified in discharging appellant from his employ. Appellee did not attempt to prove that appellant could obtain work other than that stated by appellant in his testimony.

Errors relied upon for reversal are:

(1) The damages awarded, $50, by the jury, under the undisputed evidence, are inadequate.

(2) In the assessment of damages, the jury disregarded the instructions of the court, and especially Instruction No. 7.

(3) The verdict of the jury is contrary to the evidence.

(4) The court erred in refusing to set aside the verdict.

(5)   The court should have raised the verdict of the jury
to what the undisputed evidence shows the plaintiff was en-
titled to, under the instructions of the court, and should have
given the defendant the option of accepting it or submitting to
a new trial.

The jury was instructed that it was established by the evi-
dence that the plaintiff did not receive any pay for his work
for defendant from December 1st to December 9, 1919, 'and that
plaintiff was entitled to recover for his services for that period at
the rate of $75 per month, amounting to the sum of $22.50,
together with interest thereon at the rate of 6 per cent from
March 1, 1920, which recovery would amount, at the time of the
trial, to $23.25.

The court further instructed the jury that, if it found that
the defendant had sufficient cause for discharging the plaintiff,
under the rules given, their verdict should be for plaintiff for
only the said amount of $23.25.

In Instruction No. 7, the jury was instructed that, if the
defendant failed to show that he had sufficient grounds for dis-
charging the plaintiff, under the rules given in the former in-
structions, then the defendant was not justified in discharging the
plaintiff; and in such event, if the plaintiff showed, by a pre-
ponderance of the evidence, that he was damaged by reason of
such discharge, the plaintiff would be entitled to recover from
the defendant the amount of wages under the contract to March
1, 1920, that were not paid to the plaintiff, which amounted to
$225, and the reasonable rental value of the house that.was fur-
nished from December 10, 1919, to March 1, 1920, and the rea-
sonable value of the use of the cow during said time, less such
amount as the evidence showed that the plaintiff actually earned
in other employment from December 9, 1919, to March 1, 1920.

The evidence is quite voluminous, and it is unnecessary to
set it out.   It may safely be said, and it is sufficient to say, that
there is sharp conflict in the testimony on the issue of whether
or not appellee was justified in discharging appellant.   On this
main issue, a hard battle was fought.   Appellee strongly asserts,
in his testimony, that appellant was unfaithful and derelict in his
duty, and that he was amply justified in discharging him.   Ap-
pellant contends, by his testimony, that he did not fail in his

duty and loyalty to appellee, and that his discharge was wrongful and without justification. After reading the testimony carefully, we think the jury might have found, on this issue, for either party, with warrant, under the conflicting evidence.

The puzzle presented for solution is to find in the record sufficient support for the $50 verdict returned. By what process of reasoning and finding was such a verdict reached? It must be admitted that we cannot ascertain with certainty.

Appellant's discharge from the employ of appellee was admitted by appellee. On that basis to start with, the jury was given rules by which to determine whether appellee had sufficient grounds for discharging appellant or not, and was told that, if it found that the defendant was not justified in discharging the plaintiff, and if it was shown, by a preponderance of the evidence, that appellant had been damaged by reason of such discharge, appellant would be entitled to recover wages, under the contract, to March 1, 1920, which amounted to $225, and also the reasonable rental value of the house and the reasonable value of the use of the cow during that time, with 6 per cent interest from March 1, 1920, to the time of trial, less such amount as the evidence showed the plaintiff actually earned in other employment from December 9, 1919, to March 1, 1920. The instructions given, without objection or exception thereto, must be regarded as the law of the case. Authorities are so numerous on this proposition that they need not be cited.

One view of the verdict, the view taken by appellant, is that, the verdict being for $50, and the balance owed to appellant by appellee for actual work done from December 1st to December 9th being only $23.25, there must have been a finding by the jury that appellee did not have just cause for discharging appellant, and that, consequently, the verdict is without support in the evidence, and it was error not to set it aside. If such position is sound, under the record, the verdict should have been set aside. *Stone v. Turner*, 178 Iowa 561. Where a verdict is lower than the undisputed testimony would fix it, and not in conformity with the instructions of the court, the court, in the administration of justice, should grant a new trial. *Tathwell v. City of Cedar Rapids*, 122 Iowa 50.

Appellee's view of the verdict is that the damages awarded,

under the contradictory evidence, were merely nominal, on that account; that, in the assessment of damages, the jury really found for the defendant; and that the verdict, when viewed as a practical verdict for defendant, has ample support in the evidence; and that the court, in his discretion, properly denied a new trial. Appellee earnestly contends that the verdict of the jury cannot be criticized as failing to administer substantial justice to the parties, in view of the conflict·in the evidence and the possibility that the jury did not believe plaintiff as to the amount he earned after his discharge, up to March 1, 1920. Counsel for appellee argue that the jury might have known, within their own knowledge, that appellant could have earned more than $18 from December 9, 1919, to March 1, 1920, if appellant had so desired, when the country was in the height of prosperity, and labor was scarce and high in cost.

We are not inclined to the opinion, much less to arrive at the conclusion, that the jury allowed plaintiff $26.75, the amount of the verdict beyond the instructed amount of $23.25, by arrogating to themselves, without evidence to support, knowledge that plaintiff could have secured employment after his discharge which would have yielded substantially the compensation which he would have received from defendant, had he remained in his employ; and that the jury refused to believe that plaintiff was able only to earn $18 from December 9, 1919, to March 1, 1920.

More logical reasoning, we think, is submitted by appellee, that the jury found that defendant was justified in discharging plaintiff, but allowed plaintiff the $26.75 as a merely nominal amount. If the verdict were one cent or one dollar in excess of $23.25, we would have no hesitancy in saying that the jury in reality found the issue with defendant, and added the one cent or one dollar as merely' nominal. In such a situation, we would entertain the thought that the jury added this small amount to the verdict they were instructed to return, for the purpose of casting the costs on the defendant. Of course, in the instant case, costs would follow a verdict of $23.25, because defendant made no tender of that amount, which was admitted to be due the plaintiff.

We cannot assume that the amount of the verdict beyond

$23.25, which is $26.75, is merely nominal. The jury entirely disregarded the instructions of the court, and either party was entitled to a new trial. Defendant waived his right to a new trial. Plaintiff demanded a new trial, and a new trial must be granted him.

It was error to refuse a new trial, and the decision of the trial court must be and is reversed.—*Reversed and remanded.*

EVANS, C. J., STEVENS and FAVILLE, JJ., concur.