BERTHA E. LARIMER, administratrix of estate of DONALD E. LARIMER, appellant, v. CLARENCE PLATTE et al., appellees.

No. 48042.

(Reported in 53 N.W.2d 262)

1168

MAY 6, 1952.

REHEARING DENIED SEPTEMBER 19, 1952.

Otto L. Schluter, of Cedar Rapids, for appellant.

Elliott, Shuttleworth & Ingersoll, of Cedar Rapids, for appellees.

GARFIELD, J.—Plaintiff's decedent was killed in a collision between his automobile driven by him and a tractor-trailer owned by Platte, driven by Jacob. Plaintiff sued them both for damages of $52,000 due the estate. Platte filed a counterclaim against plaintiff for damage to the tractor-trailer. There was a verdict and judgment for $600 on the counterclaim. Plaintiff's motion for new trial was overruled. She has appealed, assigning as error the overruling of such motion.

The counterclaim alleged damages of $326 and $1879.49, as the reasonable cost of repairing the tractor and trailer respectively. For six weeks' loss of use of the tractor-trailer while the repairs were made damages were also claimed of $525 per week. At a pretrial conference pursuant to rule 136, R. C. P., it was agreed the damage to the tractor was $326 and to the trailer $1879.49 (the amounts claimed), the court could so state in its instructions to the jury and no witness need be called to establish such damages.

Pursuant to rule 138 the court entered an order reciting the action taken at the conference. Rule 138 provides such an entry "will control the subsequent course of the action relative to matters it includes, unless modified to prevent manifest injustice."

In accord with the above agreement, order and rule 138 the jury was instructed without objection that if its verdict was for the counterclaimant the measure of his damages was $326 for damage to his tractor and $1879.49 for damage to his trailer. The jury was also instructed to allow the reasonable value of the use of the tractor-trailer while being repaired with ordinary diligence but not in excess of $600. Defendant Platte testified

his loss from nonuse of the tractor-trailer while being repaired was "around $600, $650." As above stated, the verdict was for $600 on the counterclaim. Judgment was entered on the verdict.

Plaintiff asserted in her motion for new trial and argues here the verdict is contrary to law because the jury was required either to find against her on the counterclaim for $326 damage to the tractor, $1879.49 damage to the trailer, and damage, if any, for loss of use while being repaired not in excess of $600, or to find in her favor on the counterclaim. In other words plaintiff says she was entitled to have the jury decide whether, on the counterclaim, she owed Platte $2205.49 ($326 plus $1879.49) and any amount not more than $600 for loss of use of the tractor-trailer, or owed him nothing. It is said the jury never decided that question but violated the court's instructions, applied a measure of recovery of its own choosing and decided plaintiff owed defendant $600 on the counterclaim.

Defendants argue in support of the overruling of plaintiff's motion for new trial that she cannot complain the verdict against her on the counterclaim is for less than the amount fixed in the court's instructions. It is not contended recovery could be had on the counterclaim for loss of use of the tractor-trailer during repairs unless defendant Platte was entitled to recover the $2205.49 for repairing the damage thereto.

■ I. We think there is merit in plaintiff's position. One purpose of the pretrial proceeding was to settle the amount Platte was entitled to recover, if entitled to recover at all, on his counterclaim, for repairing the damage to his tractor-trailer.

Pursuant to the agreement and order, one of the court's instructions definitely fixed the sum Platte was entitled to recover for damage to his tractor-trailer, if any recovery on the counterclaim was allowed. This instruction, given without objection, became the law of the case. Jensen v. Duvall, 192 Iowa 960, 963, 185 N.W. 584; Porter v. Tenant, 197 Iowa 200, 202, 197 N.W. 79, and citations; Nichols v. Kirchner, 241 Iowa 99, 105, 40 N.W.2d 13, 17, and citations; annotation 23 A. L. R. 305.

■ It was the jury's duty under the law and the oath it had taken (see rule 187(i), R. C. P.) to follow the court's instructions and decide the questions therein submitted to it. One such ques-

tion was whether plaintiff owed defendant Platte on his counter-claim $2205.49 together with any amount (not over $600) for loss of use of his tractor-trailer or owed him nothing. The jury failed to decide that question but violated the court's instructions and decided plaintiff owed Platte $600 on his counterclaim. There is no room under this record for that verdict and it should not stand.

It is no answer to say plaintiff was not prejudiced by the return of this verdict. If the jury had followed the instructions and rendered a verdict either for $2205.49, together with any amount it found due for loss of use, or for nothing, the verdict might have been for nothing. Both parties, plaintiff as well as defendant Platte, were entitled to a decision under the law stated in the court's instructions and not under the jury's ideas of rough justice in disregard of the law of the case.

This case is perhaps complicated because the demand that became liquidated was made in the counterclaim to which the administratrix was defendant and because of the inclusion in the counterclaim of the unliquidated demand for damage for loss of use of the tractor-trailer while under repair. On principle, how-ever, the situation is the same as if a plaintiff had sued for $1000 which the parties agreed he was entitled to recover, if entitled to recover at all, the agreement was confirmed by order of court and the jury was so instructed, without objection, yet a verdict was returned for $250. Upon sound reason and by the decided weight of authority such a verdict should not stand if either party objects thereto.

The decisions amply support this statement from 39 Am. Jur., New Trial, section 148, page 155: "And where, in actions to recover a liquidated amount, the jury renders a verdict for a less sum than that which was required by the court's instructions, the prevailing view is that the party against whom the verdict is returned may object to its inadequacy, although there is au-thority to the contrary." After the pretrial proceeding the amount claimed by Platte for repair of his tractor-trailer was of course a liquidated amount.

A number of decisions which support our conclusion are found in annotations 23 A. L. R. 305, 31 A. L. R. 1091, 1099, 174

A. L. R. 765, 778. The first of these annotations states: "Accordingly it is generally held that where the court instructs the jury as to the specific amount of a party's liability, if he is found to be liable at all, and the jury disregards the instruction and brings in a verdict for a different amount, it is the duty of the court to set aside the verdict and grant a new trial."

In Stetson v. Stindt, 3 Cir., Pa., 279 F. 209, 211, 23 A. L. R. 302, 304, the trial judge held the fact the verdict was for less than the jury should have found against defendant was not a valid reason for granting him a new trial. Upon appeal this was reversed. The opinion states: "We are persuaded by the * * * last line of authorities that a verdict like the one under consideration, which is perverse and directly violative of the charge of the court, and is wholly without evidence to support it, cannot stand. It is not sufficient to say that the defendant cannot complain because he was not injured. He was injured by being deprived of the right of a litigant to have the jury determine his liability under the law as laid down by the court. That liability might be for more than the jury found; yet it might be for nothing."

Other precedents which hold a new trial should be granted a party where a verdict against him is substantially less than the court has instructed to return, if any recovery is allowed, include: S. D. Winn Cigar Co. v. Wilson, 35 Ala. App. 466, 48 So.2d 64; Kundred v. Bitler, 93 Ind. App. 691, 177 N.E. 345, 347; Winston v. McKnab, 134 Kan. 75, 4 P.2d 401; Dunn v. Blue Grass Realty Co., 163 Ky. 384, 173 S.W. 1122; Alden v. Sacramento Suburban Fruit Lands Co., 137 Minn. 161, 163 N.W. 133; Cole v. Armour, 154 Mo. 333, 353, 55 S.W. 476, 482; James Turner & Sons v. Great Northern Ry. Co., 67 N. D. 347, 272 N.W. 489 (damage to property from fire); Tou Velle v. Farm Bureau Coop Exch., 112 Or. 476, 229 P. 83; Barry v. Kettelle, 49 R. I. 50, 139 A. 664; New Home Sewing Mach. Co. v. Simon, 107 Wis. 368, 83 N.W. 649, 653.

Siverts v. Dahoot, 150 Minn. 179, 181, 184 N.W. 839, 840, applies the doctrine of these decisions where a verdict for about one third the correct amount was returned on a counterclaim. The opinion states, "The argument is made that plaintiff should

not be heard to complain since he is not prejudiced. The argument is not sound."

Coming to our own cases, our conclusion finds support in this language from Jensen v. Duvall, supra, 192 Iowa 960, 963, 965, 185 N.W. 584, 585, although the appeal there was by plaintiff in whose favor the inadequate verdict was returned:

"Where a verdict is lower than the undisputed testimony would fix it, and not in conformity with the instructions of the court, the court * * * should grant a new trial.

"* * * The jury entirely disregarded the instructions of the court, and *either party was entitled to a new trial. Defendant waived his right to a new trial.* Plaintiff demanded a new trial, and a new trial must be granted him." (Italics added.)

Rueber v. Negles, 147 Iowa 734, 742, 126 N.W. 966, points out that where a jury is instructed to return a verdict for a fixed amount or nothing, a verdict for a much smaller sum leaves it uncertain whether there should be no recovery at all or recovery for the full amount, so either party has ground for a new trial. See also J. I. Case Threshing Mach. Co. v. Fisher, 144 Iowa 45, 51, 122 N.W. 575.

We have repeatedly held it is the jury's duty to follow the instructions and where it clearly appears this was not done a new trial should be granted. Among such decisions are Mitchell v. Heaton, 227 Iowa 1071, 1074, 290 N.W. 39; In re Estate of Stevens, 223 Iowa 369, 272 N.W. 426; Bromberg v. Chicago, R .I. & P. Ry. Co., 194 Iowa 1337, 1341, 190 N.W. 955; Thompson v. National Cable & Mfg. Co., 160 Iowa 403, 407, 141 N. W. 912; Browne v. Hickie, 68 Iowa 330, 332, 333, 27 N.W. 276; Morss v. Johnson, 38 Iowa 430; Savery v. Busick, 11 Iowa 487.

We have carefully considered Landreth v. Carey, 136 Iowa 61, 113 N.W. 545; Bell v. Kearns, 153 Iowa 62, 133 N.W. 347, and Jackson v. Kubias, Iowa (not in Iowa Reports), 211 N.W. 245, cited by defendant Platte.

In Landreth v. Carey, supra, a verdict for $1 was permitted to stand over objection of the party against whom it was rendered that it was the result of passion and prejudice. It was not contended the verdict was contrary to the instructions. The abstract

and briefs show the jury was not instructed to allow any fixed amount. Such a verdict is sometimes regarded as in reality a finding in favor of the party required to pay the dollar. See Jensen v. Duvall, supra, 192 Iowa 960, 964, 965, 185 N.W. 584.

Bell v. Kearns, supra, holds the jury's failure to return a verdict for the full amount of a counterclaim did not entitle plaintiff to a new trial on the ground it was necessarily the result of passion and prejudice. The abstract shows the court's instructions fixed no definite amount as the measure of recovery. In Jackson v. Kubias, supra, it was contended the verdict for less than the amount authorized by the instructions necessarily showed it was a quotient or compromise verdict or the result of passion and prejudice. The argument was summarily dismissed in a brief per curiam opinion with the statement, "There is no merit in this contention."

The contention plaintiff has argued was not squarely presented to or decided by us in the Landreth, Bell or Jackson cases and they are not controlling here.

We may add that plaintiff's complaint falls within the causes for new trial stated in rule 244(a), (e) and (f).

II. Defendant Platte invokes the familiar doctrine that a trial judge has a good deal of discretion in granting or refusing a new trial and we will not interfere unless it is reasonably clear such discretion was abused. The trial court's ruling here, at least so far as it denies a new trial on the counterclaim, cannot be upheld as a proper exercise of discretion. This discretionary argument is quite convincingly answered in some of the precedents we have cited, especially Stetson v. Stindt, supra, 3 Cir., Pa., 279 F. 209, 211, 23 A. L. R. 302, 304, 305 ("Therefore, the duty of the court not to enter judgment upon a verdict unlawful because rendered in opposition to its instruction was one of law."), and New Home Sewing Mach. Co. v. Simon, supra, 107 Wis. 368, 83 N.W. 649, 653. See also Jensen v. Duvall, supra, 192 Iowa 960, 185 N.W. 584.

III. It is argued plaintiff waived the right to a new trial on the ground asserted. Basis for the argument is that when the jury brought in its verdict the judge called the attorneys to his chambers, asked whether they were satisfied the ver-

dict complied with the instructions and said if they were not satisfied perhaps he should give a supplemental instruction or take some other course; defendants' counsel said they accepted the verdict; plaintiff's counsel said he objected to the verdict and objected that further proceedings be taken; the court then accepted the verdict and discharged the jury.

Defendants quote this from 66 C. J. S., New Trial, section 9a, page 83: "A litigant waives matters constituting grounds for a new trial which come to his attention during the course of the trial * * * where he fails * * * to seek to have the defect cured." See too 39 Am. Jur., New Trial, section 14. Cases are also cited where the claimed error was invited by appellant by requests for instructions or otherwise.

We are convinced plaintiff's counsel did not, by what occurred in the judge's chambers, waive the right to a new trial on the ground later asserted. The judge wanted to know whether either side objected to the verdict. Plaintiff's counsel made it plain he objected. His added statement he objected to "further proceedings" is insufficient basis for the claimed waiver.

The same section of C. J. S. quoted by defendants also states (pages 82, 83) "* * * the right * * * to file a motion for a new trial * * * is a valuable privilege which should not be held to be waived except on clear authority. * * *

"The waiver of a motion for a new trial must be intentional."

We may add the record does not show defendants contended in the trial court plaintiff waived the right to a new trial on the ground asserted nor that the trial court's ruling was based on such claim.

IV. It follows from what we have said that plaintiff is entitled to a new trial at least on the issues raised by Platte's counterclaim. Under the circumstances here we feel we are not justified in so limiting the new trial but it should be granted as to the entire case.

"It is the general rule * * * where a new trial is granted it should be awarded as to the whole case. [Citations.]" In re Estate of Ring, 237 Iowa 953, 968, 969, 22 N.W.2d 777, 785. See also Hayungs v. Falk, 238 Iowa 285, 296, 27 N.W.2d 15, 20, 21, and citations. After stating this general rule Keller v. Gartin,

220 Iowa 78, 86, 261 N.W. 776, 780, adds, "we have held that on appeal, if it appears that the judgment appealed from is erroneous as to a portion of the case, the whole judgment will be reversed. [Citations.]"

Both before and since our decision in Bond v. Wabash, St. L. & P. Ry. Co., 67 Iowa 712, 25 N.W. 892, cited with approval in Keller v. Gartin, In re Estate of Ring, both supra, and other cases, we have uniformly granted a new trial of the entire case where a portion of a judgment at law is held to be erroneous. We find no decision where we have awarded a new trial of part of the issues in a law case. So far as our reports disclose such a partial new trial has rarely been granted by a trial court. Woodward v. Horst, 10 Iowa 120, 123, and J. I. Case Threshing Mach. Co. v. Fisher, supra, 144 Iowa 45, 51, 122 N.W. 575, approve a partial grant of new trial by a trial court.

The general rule that where error is found on appeal a judgment at law will not be affirmed in part and reversed in part but a new trial will be ordered as to all issues is especially applicable where, as here, there is a single judgment. Seevers v. Cleveland Coal Co., 166 Iowa 284, 291, 147 N.W. 761, and citations, cited with approval in both In re Estate of Ring and Keller v. Gartin, both supra. Here there is not only a single judgment but also a single verdict—in favor of Platte on his counterclaim. The jury returned no verdict against plaintiff on his claim.

66 C. J. S., New Trial, section 11a, page 89, states: "It has been said that the granting of partial new trials is a practice not to be commended * * *. Accordingly, the rule is to be applied with caution * * *."

39 Am. Jur., New Trial, section 22, states: "As a condition to the granting of a partial new trial, it should appear that the issue to be tried is distinct and separable from the other issues, and that the new trial can be had without danger of complications with other matters. Particularly is this true where the error in the verdict relates to the amount of damages assessed, and it appears that this error was not the result of any ruling by or charge from the trial judge, but was committed solely by the jury itself after retiring to consider its verdict; in such

a case it is difficult to say that the entire verdict was not affected by the cause from which resulted the error in the amount of damages. Nor may certain issues be retried unless it appears that the other issues have been rightly settled and that injustice will not be occasioned."

Id., section 24, page 48, says, "Where it appears that the verdict was the result of a compromise, such error taints the entire verdict and requires a new trial as to all of the issues in the case." Numerous decisions in support of the last statement are cited in the annotation 98 A. L. R. 941, 944. See for example James Turner & Sons v. Great Northern Ry. Co., supra, 67 N. D. 347, 272 N.W. 489, 502–504, and citations.

Here it definitely appears the verdict was the result of a compromise in which the jury substituted its own ideas for instructions of the court. It is true the verdict returned was on Platte's counterclaim. While the jury should not have considered an award to Platte on his counterclaim unless it first determined plaintiff should not recover on his claim, we are not justified in assuming that a jury which failed to follow part of the instructions followed them in other respects. It cannot be said with confidence that the issues raised by plaintiff's claim were fairly tried and determined under the instructions when the contrary appears as to the issues raised by the counterclaim.

"* * * new trials may be so limited, where manifest justice demands, and * * * it can be said with confidence that certain of the issues have been fairly tried and determined * * *." 66 C. J. S., New Trial, section 11a.

While the issues raised by plaintiff's claim and Platte's counterclaim are in a sense distinct and separable the issues of negligence, proximate cause and freedom from contributory negligence in each are at least closely interrelated.—Reversed.

All JUSTICES concur.