Robert J. MYERS, Jr., a Minor, by Robert J. Myers, Sr., His Father and Next Friend, and Robert J. Myers, Sr., Individually, Appellants,

v.

Katherine P. VOSMEK, Appellee.

No. 52804.

Supreme Court of Iowa.

April 9, 1968.

Joseph L. Phelan, Fort Madison, for appellants.

James W. Crawford, Cedar Rapids, for appellee.

STUART, Justice.

Five year old Robert J. Myers, Jr. was injured as he was crossing a residential street when struck by an automobile driven by Katherine Vosmek. An action was brought in two counts. In the first count his father, as his next friend, sought to recover damages for his personal injuries. In the second count Robert J. Myers, Sr., sued in his own name for medical expenses, loss of earnings and loss of society and services during minority. In the second count only medical expenses were submitted to the jury. No exceptions were taken. It was stipulated "that the medical expenditures by the plaintiff, Robert J. Myers, Sr., as a result of the accident including doctor bills, hospital bills, etc. were in the amount of $904.15".

In stating the issues under Count II, the trial court told the jury plaintiff claimed:

"That said Robert J. Myers, Jr., by reason of the aforesaid acts of the defendant was seriously crippled, requiring extensive hospitalization; because of which this plaintiff was required to and did spend substantial sums all to his damage in the amount of $5000."

In Instruction No. 15, the jury was told it was not to allow damages for any items

not established by a preponderance of the evidence. In Instruction No. 17 it was told in no event could the total amount awarded for medical expenses exceed $904.-15, "the maximum permissible under the evidence introduced".

Defendant objected to the Statement of Issues "for the reason that the figure of $5000 is set forth therein, and that the uncontradicted evidence in this case, introduced by the plaintiff and stipulated to by the defendant, amounted to $904.15, and that the plaintiff Robert J. Myers, Sr., if entitled to any award is entitled to no more than $904.15; and the inclusion of the figure of $5000 in Count II of the Statement of Issues is such that it may very well prove confusing and misleading to the jury, and in an attempt to reconcile Instruction No. 17 with Count II of the issues may make an award in excess of the figure of $904.15; and the same constitutes prejudicial error to the defendant".

The jury returned a verdict in Count I in favor of Robert J. Myers, Jr. for personal injuries in the amount of $4000. A verdict of $2000 for medical expenses was returned for Robert J. Myers, Sr. in Count II.

The trial court sustained defendant's motion for new trial on four grounds. (1) The verdict in Count II was contrary to law as the jury disregarded Instruction No. 17 which limited recovery to $904.15. (2) The jury from some cause failed to respond to the real merits of the controversy and properly do its duty. (3) The verdicts are contrary to the evidence. (4) The verdicts fail to administer substantial justice. He did not amplify his rulings. Plaintiffs appealed. We affirm.

I. The verdict in Count II was obviously contrary to the law. Instruction No. 17 limited the recovery to $904.15. The jury returned a verdict of $2000. Plaintiffs do not dispute this fact but take the position that the court should have ordered a remittitur rather than a new trial. They are not supported by our cases.

In Larimer v. Platte, 243 Iowa 1167, 1171, 53 N.W.2d 262, 265, part of counterclaimant's damages was stipulated and part was unliquidated. The jury returned a verdict on the counterclaim for less than the amount claimed as unliquidated damages and less than the stipulated damages to which he was entitled if he was entitled to recover. Defendant on the counterclaim was denied a new trial and appealed. We reversed stating both parties were entitled to a decision under the law set out in the court's instructions and the jury should either have returned a verdict for counterclaimant for not less than the amount of the stipulated damages or against him. "We have repeatedly held it is the jury's duty to follow the instructions and where it clearly appears this was not done a new trial should be granted." Id. at 1173, 53 N.W.2d at 266. See also Mitchell v. Heaton, 227 Iowa 1071, 1074, 290 N.W. 39, 40; Thompson v. National Cable & Manufacturing Co., 160 Iowa 403, 407, 141 N.W. 912; Reuber v. Negles, 147 Iowa 734, 741, 126 N.W. 966, 968; Limburg v. German Fire Ins. Co., 90 Iowa 709, 721, 57 N.W. 626, 630, 23 L.R.A. 99. The trial court was correct in granting a new trial because the verdict was contrary to law.

II. The trial court granted a new trial of the entire case. Plaintiffs urge the new trial should be limited to the issue of damages in Count II. We disagree.

As a general rule where a new trial is granted it should be awarded as to the whole case. Larimer v. Platte, 243 Iowa 1167, 1175, 53 N.W.2d 262, 267, and citations. But see: Guinn v. Millard Truck Lines, 257 Iowa 671, 684, 134 N.W.2d 549, 558. In Larimer v. Platte, supra, we reversed and granted a new trial of the entire case although the verdict which was contrary to law occurred on the counterclaim.

We said: "It is true the verdict returned was on Platte's counterclaim. While the jury should not have considered an award to Platte on his counterclaim unless it first determined plaintiff should not recover on

his claim, we are not justified in assuming that a jury which failed to follow part of the instructions followed them in other respects. It cannot be said with confidence that the issues raised by plaintiff's claim were fairly tried and determined under the instructions when the contrary appears as to the issues raised by the counterclaim." Id at 1177, 53 N.W.2d at 268.

Larimer v. Platte was a reversal. Here we need only to uphold the trial court. In addition to granting a new trial because the verdict was contrary to law, the trial court also sustained the motion for new trial on three grounds which were directed to the entire case. It has broad, but not unlimited discretion to do so, R.C.P. 344 (f)3, and we are slower to interfere with the grant of a new trial than with its denial. R.C.P. 344(f)4. The discretion must, of course, be founded upon matters which fairly appear in the record. Lubin v. City of Iowa City, 257 Iowa 383, 385, 131 N.W. 2d 765, 767. Recent cases illustrate the latitude given trial courts in granting new trials in the interest of justice. Smith v. Ullerich, 259 Iowa 797, 145 N.W.2d 1; Kracht v. Hoeppner, 258 Iowa 912, 140 N. W.2d 913; McCoy v. Miller, 257 Iowa 1151, 136 N.W.2d 332; Warrender v. McMurrin, 256 Iowa 617, 128 N.W.2d 285.

Under this record the trial court did not err in granting a new trial of the entire case because the verdict was contrary to law or under its broad discretionary power.

III. Although plaintiffs could have helped avoid the confusion of the jury by accepting the court's hint and amended the prayer to the maximum amount proved, much of the present difficulty is due to the trial court's belief that he was required to tell the jury the amount of the prayer. As this opinion is shared by many judges and as the same situation may arise on retrial, we believe it necessary to point out our cases do not support this position.

In Cory v. State, 214 Iowa 222, 228, 242 N.W. 100, 103, a condemnation matter, the state complained because the jury was told the amount plaintiff claimed as unliquidated damages. We said: "The instruction, as given, was not erroneous, though we are disposed to the view that, in cases claiming unliquidated damages, the plaintiff is not entitled, as a matter of right, to have the amount of his claim, often exaggerated, stated to the jury, and that an omission of the statement of such amount from the instructions would be quite appropriate."

The reasons for not stating the amount claimed are even more compelling here. The amount claimed became liquidated by the stipulation. The parties would have been entitled to an instruction stating that plaintiff could recover either $904.15 or nothing. Such instruction was not requested. The amount of recovery was limited by the stipulation rather than the claim.

For the reasons stated we affirm the granting of a new trial.

Affirmed.

All Justices concur.